**UNITED STATES of America,
Appellant,**

v.

**122.00 ACRES OF LAND, MORE OR LESS, LOCATED IN KOOCHICHING COUNTY, MINNESOTA and the Estate of Agnes J. Rudser Ring, et al., Appellees.**

No. 87–5486.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1988.

Decided Sept. 2, 1988.

Rehearing and Rehearing En Banc
Denied Nov. 18, 1988.

Charles J. Sheehan, Washington, D.C., for appellant.

Charles H. LeDuc, International Falls, Minn., for appellees.

Before WOLLMAN and MAGILL, Circuit Judges, and EDWARDS,* Senior Circuit Judge.

MAGILL, Circuit Judge.

## I. INTRODUCTION

This case involves an award of attorney's fees, pursuant to the provisions of section 304(a)(2) of the Uniform Relocation Assistance and Real Property Acquisition Policies Act (Relocation Act), 42 U.S.C. § 4654, in a condemnation action which was abandoned by the United States. Because we believe the attorney's fees awarded by the district court were not "actually incurred" by the

* THE HONORABLE GEORGE C. EDWARDS, JR., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

1. For ease of discussion, appellees will be referred to collectively as Davis.

2. In a "straight" condemnation action, under 40 U.S.C. § 257, the United States has the option to purchase the land at the price determined by

condemnee, as required by the statute, we reverse.

## II. BACKGROUND

From 1982 through early 1984, the Department of the Interior negotiated for the purchase of a tract of land comprised of 122 acres owned by Victor Davis (Davis),[1] which the United States sought to include in Voyageurs National Park in Minnesota. On March 28, 1985, the United States offered Davis $424,000 for the land; an offer which Davis rejected.

On June 24, 1985, the United States filed a "straight" condemnation action in the district court.[2] Davis retained the services of attorney Charles LeDuc to contest the condemnation action. Davis and LeDuc executed a contingency fee arrangement, which provided in pertinent part:

> *If there is no recovery, the undersigned will bear no expense for attorney's fees.* However, all items of expense incurred in connection with the matter mentioned in the above paragraph will be paid by client. These expense items may include such things as court costs, witness fees, depositions, the cost of all appraisal and other technical records and reports, photographic costs, private investigator's fees, etc.
>
> The attorney's fees shall be ten (10) percent of the gross recovery over $424,000.00 if obtained by settlement. If court action is necessary, the fee is 15% [of the gross recovery over $424,000]. In the event the disposition of this case involves a structured settlement resulting in some deferred payments, the attorney's fees and costs shall be paid from the initial up-front payment to the extent possible unless the parties mutually agree otherwise.

(Emphasis added.)

Trial was held, and the jury returned a verdict of $1,370,000 as just compensation. Ultimately, the United States determined that the jury award was beyond its budget capabilities; it chose to abandon the condemnation and move for dismissal of the action. Davis moved the district court for an order directing payment of the jury

the jury, or it may move for dismissal of the action if it does not wish to acquire the land at that price. This is in contrast to condemnation under 40 U.S.C. § 258a, where title and right to possession vest in the United States immediately upon deposit of an estimated just compensation with the district court. *See Kirby Forest Industries, Inc. v. United States,* 467 U.S. 1, 3–4, 104 S.Ct. 2187, 2190–91, 81 L.Ed.2d 1 (1984).

verdict and for expenses and attorney's fees totalling $162,162.52.[3] The district court dismissed the case, denied Davis' motion to compel payment of the jury verdict and ordered the United States to pay expenses in an amount stipulated to by the parties.[4] The district court took the question of attorney's fees under advisement. On September 16, 1987, the court awarded attorney's fees to Davis in the amount of $146,900, pursuant to the Relocation Act.

The United States now appeals only the award of attorney's fees.

## III. DISCUSSION

Section 304(a)(2) of the Relocation Act, 42 U.S.C. § 4654, provides in pertinent part:

The Federal court having jurisdiction of a proceeding instituted by a Federal agency to acquire real property by condemnation shall award the owner of any right, or title to, or interest in, such real property such sum as will in the opinion of the court reimburse such owner for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, *actually incurred* because of the condemnation proceedings, if—

* * * * * *

(2) the proceeding is abandoned by the United States.

42 U.S.C. § 4654 (emphasis added).

It is clear that the condemnation at issue was abandoned by the United States; Davis is therefore entitled to any reasonable attorney's fees which were *actually incurred* by him.

In order to determine whether the United States is liable for attorney's fees in this case, we must determine whether Davis has any legal obligation to pay his attorney LeDuc, either by operation of the fee arrangement between them or otherwise. Our review of that contract convinces us that Davis has no such obligation. The clear language of the contract compels the conclusion that a condition precedent to Davis' liability was the actual recovery of payment for his land from the government. Here, no recovery was obtained for Davis because the proceeding was abandoned. "In an abandoned condemnation, a contingent fee alone would give rise to no 'incurred' obligation because the contingency did not occur." *United States v. 431.60 Acres of Land,* 355 F.Supp. 1093, 1096 (S.D.Ga.1973). The failure to fulfill this contingency is fatal to Davis' claim.

Davis contends that the contingency referred to in the contract, *i.e.,* "recovery," did not mean recovery of money alone, but also encompassed abandonment of the condemnation action by the government. We cannot agree. The entire structure of the agreement mandates a conclusion that the term "recovery" relates solely to a monetary recovery.

Davis finally asserts that he and his attorney subjectively believed that the contingency arrangement encompassed both monetary recovery and retention of the land, and that the parties' construction of their contractual terms, even if that construction is contrary to the ordinary meaning of the terms, is dispositive. While resort to the parties' subjective intent may be necessary where terms are ambiguous, such is not the case here. Further, where the construction of a private contract implicates the federal treasury, we think the contract should be construed as plainly written. This is so for the simple reason that the private parties could, through extracontractual agreement, cause the government to expend funds to benefit one or both of them, without either party bearing any expenses.

It should be noted that in *431.60 Acres of Land,* 355 F.Supp. at 1095–96, the district court did award reasonable attorney's fees based upon the fact that the parties had orally modified their written contract *before* the commencement of litigation, to

---

**3.** This amount included $20,550.23 in expenses and $141,900 in attorney's fees. The attorney fee amount was derived by applying the formula contained in the contingency fee arrangement between Davis and LeDuc, to the "gross recovery" of $1,370,000.

**4.** The district court granted other relief which is not pertinent to this appeal.

provide for compensation to the attorney on a *quantum meruit* basis in the event the condemnation was abandoned. *See also United States v. 243.538 Acres of Land,* 509 F.Supp. 981, 988 (D.Haw.1981). Here, there was no such agreement. In fact, we believe that with the statement, "[i]f there is no recovery, the undersigned will bear no expense for attorney's fees," the attorney bargained away his right to compensation on a *quantum meruit* basis.

Accordingly, the award of attorney's fees is reversed.