2001 OK 72

STATE of Oklahoma ex rel. DEPART-
MENT OF TRANSPORTATION,
Appellant,

v.

NORMAN INDUSTRIAL DEVELOP-
MENT CORPORATION; John R. Law,
Jr., and Mildred D. Law, husband and
wife, Appellees,

and

The Cleveland County Treasurer,
Defendant.

No. 93,624.

Supreme Court of Oklahoma.

Sept. 18, 2001.

Rehearing Denied Jan. 14, 2002.

Kelly F. Monaghan, Lori Gilliard, Tulsa, OK, for Appellant.

Philip W. Redwine, James L. Bintz, John H. Stout, Norman, OK, for Appellees.

KAUGER, J.:

¶1 Certiorari was granted to consider a single issue[1] of first impression:[2] whether

---

1. DOT filed certiorari on issues relating to the reasonableness of the attorney fees' award allowed to Attorney John H. Stout. Certiorari was denied on June 28, 2001.

2. Although we reach the same result as that of the Court of Civil Appeals, we vacate the court's opinion to provide a precedential ruling on a question of substantive law not previously deter-

the language of 27 O.S.1991 § 11 [3]—providing for an award of attorney fees "actually incurred"—prohibits the addition of an incentive or bonus fee to the attorney fees' award in a condemnation proceeding in which the fee obligation is governed by contract. We determine that it does.

## RELEVANT FACTS[4]

¶2 The district court appointed a panel of commissioners who recommended that the appellant, Department of Transportation (DOT), pay $77,550 to the appellees, Norman Industrial Development Corporation, John R. Law, Jr. and Mildred D. Law (collectively, owners), in a condemnation proceeding. The owners rejected the offer and sought a jury trial. On February 6, 1997, the jury awarded $353,435.17 for the property allowing for the addition of pre-judgment interest of $24,126.56.

¶3 Relying on 27 O.S.1991 § 11—providing for the recovery of attorney fees and costs in condemnation proceedings in which the jury award exceeds the court appointed commissioners' recommendation by more than ten percent, the owners filed an application for attorney, expert and appraiser fees and costs on June 12, 1997.[5] Attached to the application is the contingent fee agreement entered between the owners and their attorneys dated March 9, 1995. The contract provides that if the case is tried to a jury and a verdict in excess of ten percent of the court-appointed commissioners' award is recovered, the attorney is entitled to the larger of: 1) hours expended times an hourly rate of $125.00; or 2) forty percent of the difference between the amount of the verdict plus interest and the amount of the DOT's final offer.[6]

mined by this Court. *Nealis v. Baird,* 1999 OK 98, ¶ 1, 996 P.2d 438.
We note that the owners filed an application for appeal-related attorney fees on May 8, 2000. The application was denied by the Court of Civil Appeals. The plea for the appeal-related fees is not renewed in the owners' petition for certiorari.

3. Title 27 O.S.1991 § 11 provides in pertinent part:
"Where a condemnation proceeding is instituted by any person, agency or other entity to acquire real property for use as provided in Section 9 of this title and . . .
3. If the award of the jury exceeds the award of the court appointed commissioners by at least ten percent (10%), the owner of any right, title or interest in such real property may be paid such sum as in the opinion of the court will reimburse such owner for his reasonable attorney, appraisal and engineering fees, actually incurred because of the condemnation proceedings. Such determination by the court shall be appealable to the Supreme Court in the same manner as any other final order. The final award of such sums will be paid by the person, agency or other entity which sought to condemn the property."

4. DOT did not dispute on appeal or in its certiorari petition the owners' entitlement to attorney fees. Further, the reasonableness of the attorney fees award was not questioned in the certiorari paperwork except to the extent of the award to John H. Stout—an issue not addressed in this opinion, see note 1, supra. Because the only issue presented is one of law concerning the bonus or incentive awarded under 27 O.S.1991 § 11, see note 3, supra, it is unnecessary to reiterate the underlying facts of the condemnation proceeding.

5. In addition to requesting attorney fees and costs pursuant to 27 O.S.1991 § 11, see note 3, supra, the application also cites to 12 O.S. Supp. 1991 § 942 [Providing costs which may be awarded.]; 12 O.S. Supp.1996 § 3230 [Relating to deposition and witness fees.]; 27 O.S.1991 § 9 [Referring to the application of eminent domain provisions.]; and 69 O.S.1991 § 1203 [Relating to DOT's authority to acquire land for the construction of state highways.].

6. The contingent fee agreement, entered on March 9, 1995, provides in pertinent part:
". . . (b) In the event the case is tried to a District Court jury and a verdict is obtained that exceeds the Court-appointed Commissioners' award by at least 10%, then Attorneys shall be paid the greater of the hourly rate for their services set forth in paragraph (c) hereinafter, or forty (40%) percent of the difference between the amount of the verdict plus interest less costs, and the amount of the final offer of the Plaintiff, Department of Transportation, before suit was filed, recognizing that under the Oklahoma Supreme Court case of *Root vs. Kamo Electric,* Clients are entitled to be awarded an attorneys' fee to be paid by the Plaintiff, Department of Transportation, in an amount which will reimburse Clients for reasonable attorneys' fees actually incurred because of the condemnation proceeding. . . .
(c) In the event the case is settled prior to presentation of the issues to a jury and rendition of a verdict, or in the event the case is tried to a District Court jury and a verdict is obtained that does not exceed the Court-appointed Commissioners' award by 10%, the Clients shall pay Attorneys for services compensation based on an hourly rate charged by said Attorneys being $125/hour . . ."

¶4 On August 19, 1999, the trial judge, Honorable Tom A. Lucas, entered judgment for $338,986.82 in attorney fees and costs. The award was premised on hours expended multiplied by the hourly rate. In addition, based on factors outlined in *State ex rel. Burk v. City of Oklahoma City*, 1979 OK 115, ¶8, 598 P.2d 659,[7] the attorney fees award included a twenty-five percent bonus above the amount the owners were contractually obligated to pay. In an opinion promulgated on September 26, 2000, the Court of Civil Appeals affirmed in part and reversed in part determining that an incentive fee could not be awarded under 27 O.S.1991 § 11. The owners' petition for rehearing on the incentive fee issue was denied on April 16, 2001. Both parties filed petitions for certiorari. On June 18, 2001, we denied certiorari to the DOT and granted the owner's petition for certiorari on the single issue of the award of a bonus or incentive fee under 27 O.S.1991 § 11.

¶5 **THE LANGUAGE OF 27 OS.1991 § 11—PROVIDING FOR AN AWARD OF ATTORNEY FEES "ACTUALLY INCURRED"—PROHIBITS THE ADDITION OF AN INCENTIVE OR BONUS FEE TO THE ATTORNEY FEES AWARD IN A CONDEMNATION PROCEEDING WHEN THE FEE OBLIGATION IS CONTRACTUALLY SET.**

¶6 The owners contend that the trial court had authority to assess a bonus or incentive fee through consideration of the factors outlined in *State ex rel. Burk v. City of Oklahoma City*, supra.[8] However, we agree with DOT's assertion that the plain language of 27 O.S.1991 § 11 prohibits the award of a fee larger than the sum the owners are contractually obligated to pay.

¶7 Oklahoma courts are committed to the American Rule—every litigant is responsible for its own litigation expenses except to the extent that the rule has been modified by statute or contractual provision.[9] In derogation of the American Rule, 27 O.S.1991 § 11 shifts the attorney fee obligation to the government if a jury awards the property owner an amount exceeding the court appointed commissioners' recommendation by ten percent. In such cases, § 11 provides that property owners are entitled to recover reasonable attorney fees "actually incurred" due to the condemnation proceedings. At issue here, is whether the Legislature's use of the language "actually incurred" in the statutory provision limits recovery to an amount the landowner is contractually obligated to pay its legal representative.

¶8 The owners rely primarily on three cases—*Oklahoma Turnpike Auth. v. Horn*, 1993 OK 123, ¶7, 861 P.2d 304, *Morgan v. Galilean Health Enterprises, Inc.*, 1998 OK 130, ¶16, 977 P.2d 357, and *Corbell v. State ex rel. Dept. of Transportation*, 1993 OK CIV APP 45, ¶47, 856 P.2d 575—for the proposition that the determination of reasonable attorney fees in a condemnation proceeding should be computed in the context of the *Burk* factors allowing for the award of an incentive or bonus fee. We agree that generally the correct procedure for calculating a reasonable fee is to: 1) determine the compensation based on an hourly rate; and 2) to enhance the fee by adding an amount through application of the *Burk* factors.[10] Nevertheless, *Burk* applies in determining a

---

**7.** In *State ex rel. Burk v. City of Oklahoma City*, 1979 OK 115, ¶8, 598 P.2d 659 and in *Oliver's Sports Center v. National Standard Ins.*, 1980 OK 120, ¶7, 615 P.2d 291, we adopted the following criteria to guide trial court's in setting reasonable attorney's fees: time and labor required; novelty and difficulty of the questions; skill requisite to perform the legal service properly; preclusion of other employment by the attorney due to acceptance of the case; customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or circumstances; amount involved and the results obtained; experience, reputation and ability of the attorneys; "undesirability" of the case (i.e., risk of non-recovery); nature and length of professional relationship with the client; and awards in similar cases. These factors have been incorporated in Rule 1.5, Rules of Professional Conduct, 5 O.S. Supp. 1993, Ch. 1, App. 3–A, which requires all lawyer's fees to be reasonable.

**8.** *State ex rel. Burk v. City of Oklahoma City*, see note 7, supra.

**9.** See, *Moses v. Hoebel*, 1982 OK 26, ¶5, 646 P.2d 601; *City Nat'l Bank & Trust Co. v. Owens*, 1977 OK 86, ¶11, 565 P.2d 4.

**10.** *Morgan v. Galilean Health Enterprises, Inc.*, 1998 OK 130, ¶16, 977 P.2d 357.

reasonable attorney's fee **in absence of a contract or statute.**[11] Here, there is a contract entered between the owners and their attorneys settling a definite amount—determinable through calculating the hours worked multiplied by the hourly rate of $125.00 [12]—as the owners' fee obligation. Additionally, there is statutory language limiting recovery of attorney fees to those "actually incurred."

¶ 9 Further, *Horn, Morgan* and *Corbell* are distinguishable. None of the three opinions addresses the precise issue presented here—whether an award of an incentive or a bonus fee not encompassed within the contractual obligation between the landowner and counsel may be recovered under 27 O.S. 1991 § 11. Neither the facts of *Horn* nor *Morgan* indicate that the attorney fees amount at issue was governed by contract or that any incentive or bonus was included in the trial court's award. Rather, the *Burk* factors were considered in both cases to test whether the fee awarded was reasonable. Although the fee-shifting statute at issue in *Morgan* provided for the award of "reasonable attorney fees incurred",[13] the case did not involve a condemnation proceeding or legislative language limiting the fee to that "actually incurred."

¶ 10 *Corbell v. State ex rel. Dept. of Transportation*, 1993 OK CIV APP 45, ¶ 47, 856 P.2d 575[14] is the only Oklahoma case addressing the issue of whether an incentive or bonus fee may be awarded pursuant to 27 O.S.1991 § 11. Because in *Corbell* no contract existed setting the amount of the fee obligation, the case differs from the facts presented here. In *Corbell*, the Court of Civil Appeals allowed the addition of an incentive fee under § 11 based on reasoning that the reference to a "reasonable" fee in the statute necessarily involved consideration of the *Burk* factors where the amount of the fee obligation was not set by contract or statute. The Court of Civil Appeals determined that because incentive fees or bonuses are allowable under *Burk*, it is the fee calculated under these factors which is "actually incurred" within the meaning of § 11. We need not determine whether, if presented with facts similar to those of *Corbell*, this Court would reach the same conclusion. Rather, we explore whether the award of an incentive or bonus fee above the contractual obligation of the owners falls within fees "actually incurred" under 27 O.S.1991 § 11.

¶ 11 Two of our decisions are instructive. *Root v. Kamo Electric Coop., Inc.*, 1985 OK 8, ¶ 48, 699 P.2d 1083, involved condemnation proceedings instituted by a cooperative. Having recovered a verdict in excess of ten percent of the amount offered in settlement, the landowners sought attorney fees and costs under 66 O.S.1981 § 55 (D). Section 55(D) uses language identical to that found in 27 O.S.1991 § 11 allowing for the recovery of reasonable attorney fees "actually incurred" in the condemnation proceeding.[15] In con-

---

11. *Sneed v. Sneed*, 1984 OK 22, ¶ 6, 681 P.2d 754; *Oliver's Sports Center, Inc. v. National Standard Ins. Co.*, see note 7, supra.

12. See note 6, supra.

13. Title 63 O.S. Supp.1992 § 1–1918 (F) providing in pertinent part:
   "... If a violation or threatened violation of this section shall be established in any action, the court shall enjoin and restrain or otherwise prohibit the violation or threatened violation and assess in favor of the plaintiff and against the defendant the cost of the suit, and the reasonable attorney fees incurred by the plaintiff...."

14. Certiorari was denied in *Corbell v. State ex rel. Dept. of Transportation*, 1993 OK CIV APP 45, 856 P.2d 575 on June 29, 1993. The opinion was released for publication by order of the Court of Civil Appeals. Court of Civil Appeal opinions not ordered for publication by this Court are persuasive only and have no precedential effect. Rule 1.200, Supreme Court Rules, 12 O.S. Supp.1997, Ch. 15, App. 1.

15. Title 66 O.S.1991 § 65 (D) provides in pertinent part:
   "Where the party instituting a condemnation proceeding abandons such proceeding, or where the final judgment is that the real property cannot be acquired by condemnation or if the award of the jury exceeds the award of the court appointed commissioners by at least ten percent (10%), then the owner of any right, title or interest in the property involved may be paid such sum as in the opinion of the court will reimburse such owner for his reasonable attorney, appraisal, engineering, and expert witness fees actually incurred because of the condemnation proceeding...."
   Because the 1991 version of the statute is identical to its 1981 counterpart, the current version is quoted.

sidering the attorney fee issue, the *Kamo* Court rejected an argument that fees not yet paid were not "actually incurred" within the meaning of the statute. In doing so, the Court defined "incur" as "to become liable or subject to."[16] Because the landowner bore the ultimate liability for the attorney fees debt pursuant to a contingent fee contract, the Court determined that the fees were "actually incurred" within the meaning of the statute. Under the reasoning of *Kamo*, the Legislature's use of "actually incurred" in both 66 O.S.1981 § 55 (D) and in 27 O.S.1991 § 11—each of which relate to condemnation proceedings[17]—encompasses those fees for which the landowner is contractually liable.

¶ 12 In *Oklahoma Turnpike Auth. v. New Life Pentecostal Church of Jenks*, 1994 OK 9, ¶ 11, 870 P.2d 762, relying on *Kamo*, supra, we acknowledged two tasks a court must undertake when considering the appropriate attorney fees to impose pursuant to 27 O.S. 1991 § 11. The first is to determine the extent of the landowner's contractual obligation to its counsel. The second is to consider whether the quantum of the fee obligation is reasonable. If the fee obligation is not excessive, the landowners' contractual counsel-fee obligation shifts to the condemnor.[18]

¶ 13 *New Life* also explains the distinction between a contract-based fee claim, as presented here, and one premised merely on prevailing party status in a condemnation action:

"... In [a contract-based fee claim], the condemnor must pay the landowner's obligation to its lawyer to the extent that the obligation is reasonable and legally enforceable.... In [a prevailing-party situa-

tion], the lawyer's quest for the court's fee *approval depends not on a contractual obligation* but on a reasonable value of services necessarily rendered for the client who won. The winning party's lawyer must, of course, go forward with proof to establish all elements of the plea.... While the amount of the fee in both instances is subject to the court's scrutiny, a *contract-based fee is governed primarily by the landowner's valid obligation to the lawyer.* One who, as a third party, is adversely affected by the lawyer-landowner fee contract and challenges its amount or provisions has the burden of proving the obligation's unconscionability or unreasonableness...." [Citations omitted. Emphasis in original.]

Here, the contractual obligation in itself has not been challenged as unreasonable. Rather, only the bonus or incentive fee awarded by the trial court is at issue.

¶ 14 Although neither *Kamo* nor *New Life* address the precise question presented relating to a bonus or an incentive fee, they do provide guidance on the issue. In both cases, this Court recognized that the outer limits of the losing condemnor's obligation for reasonable attorney fees actually incurred were defined by the landowners' contractual obligations to their counsel. The opinions comport with the overwhelming majority of judicial decisions which have considered fee-shifting statutes containing language similar to that found in 27 O.S.1991 § 11.

¶ 15 The majority of courts considering the issue find that the phrase "actually incurred" limits the attorney fees which may be awarded to the client's actual outlay or contractual obligation.[19] These courts reason that use of

---

**16.** See also, *State ex rel. Dept. of Trans. v. Oliver*, 1998 OK CIV APP 181, ¶ 8, 972 P.2d 39.

**17.** Relevant legislative provisions are considered together to ascertain and give effect to the legislative will. *McNeill v. City of Tulsa*, 1998 OK 2, ¶ 11, 953 P.2d 329. Legislative intent controls statutory interpretation. *Smicklas v. Spitz*, 1992 OK 145, ¶ 8, 846 P.2d 362; *Clifton v. Clifton*, 1990 OK 88, ¶ 7, 801 P.2d 693; *Fuller v. Odom*, 1987 OK 64, ¶ 4, 741 P.2d 449.

**18.** *Oklahoma Turnpike Auth. v. New Life Pentecostal Church of Jenks*, 1994 OK 9, ¶ 11, 870 P.2d 762; *Root v. Kamo*, 1985 OK 8, ¶ 48, 699 P.2d 1083.

**19.** *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 366 (7th Cir.2000); *Lampkin v. International Union*, 154 F.3d 1136, 1148 (10th Cir.1998); *Marre v. United States*, 38 F.3d 823, 828 (5th Cir.1994); *Sun–Tek Indus., Inc. v. Kennedy Sky-Lites, Inc.*, 865 F.2d 1254–55 (Fed.Cir.1989); *United States v. 122.00 Acres of Land*, 856 F.2d 56, 58 (8th Cir.1988); *Crooker v. United States Dept. of Justice*, 632 F.2d 916, 921 (1st Cir.1980); *KMS Fusion, Inc. v. United States*, 39 Fed.Cl. 593, 603–04 (1997); *United States v. 243.538 Acres of Land*, 509 F.Supp. 981, 986 (D.Hawai'i 1981); *Aijo v. United States*, 26 Cl.Ct. 432, 434 (1992), *aff'd*, 996 F.2d 319 (1993); *Matter of Penn Central Trans. Co.*, 23 B.R. 499 (E.D.Penn. 1982); *In re Condemnation by the Commonwealth ex rel. Dept. of Trans.*, 709 A.2d 939, 943

the term "actually incurred" is clear and unambiguous [20] and that it is intended to define the maximum amount of fees which may reasonably be allowed under such legislative schemes.[21] These tribunals recognize the main thrust of statutes similar to 27 O.S.1991 § 11—to compensate landowners for attorney fees and expenses incurred in the condemnation action [22] while preserving the governmental treasury.[23] The courts reason that allowing a greater recovery would result in a windfall contrary to legislative intent.[24] The underpinnings of this extant jurisprudence is persuasive, especially in light of our decisions in *Kamo* and *New Life*, supra.

¶ 16 We hold that the language of 27 O.S. 1991 § 11[25]—providing for an award of attorney fees "actually incurred"—prohibits the addition of an incentive or bonus fee to the attorney fees award in a condemnation proceeding if the fee amount is set by contract. This determination is supported by: the Leg-

islature's use of the term "actually incurred" in the statutory scheme; our decisions in *Root v. Kamo Electric Coop., Inc.,* 1985 OK 8, ¶ 48, 699 P.2d 1083 and *Oklahoma Turnpike Auth. v. New Life Pentecostal Church of Jenks,* 1994 OK 9, ¶ 11, 870 P.2d 762 indicating that where a contract exists for legal services, the parameters of the contractually imposed liability, if reasonable, govern the award of attorney fees awardable in a condemnation action; and the majority of decisions from other jurisdictions considering the issue.

## CONCLUSION

¶ 17 The Court is mindful that landowners are constitutionally entitled to full compensation for property subjected to the government's eminent domain powers.[26] Just and fair compensation requires that owners be placed as fully as possible in the same position as that occupied before the government's taking.[27] Nevertheless, fee-shifting statutes

(Pa.Cmwlth.1998); *Finney v. Department of Corrections,* 263 Ga. 301, 434 S.E.2d 45, 47 (1993); *Arizona Motor Speedway, Inc. v. Hoppe,* 244 Neb. 316, 506 N.W.2d 699, 702 (1993); *Liddycoat v. Ulbricht,* 276 Or. 723, 556 P.2d 99, 101 (1976); *Matter of New York State Urban Develop. Corp.,* 183 Misc.2d 900, 707 N.Y.S.2d 593, 596 (2000); *S & A Indus., Inc. v. Bank Atlanta,* 247 Ga.App. 377, 543 S.E.2d 743, 748–49 (2000); *Rose v. Falcon Communications, Inc.,* 6 S.W.3d 429, 431 (Mo.App.1999); *FMB–First Nat'l Bank v. Bailey,* 232 Mich.App. 711, 591 N.W.2d 676 (1998); *Watts v. Lane County,* 142 Or.App. 489, 922 P.2d 686, 689 (1996); *Lambert v. Byron,* 650 So.2d 1201, 1203 (La.App.1995); *Asaadi v. Meltzer,* 280 N.J.Super. 68, 654 A.2d 506, 508 (1994); *Seney v. Seney,* 97 Md.App. 544, 631 A.2d 139, 142–43 (1993); *Donahue v. Thomas,* 618 A.2d 601, 606 (D.C.App.1992); *Smith v. Kendall,* 477 N.E.2d 953–54 (Ind.Ct.App.1985); *Jim Walter Homes, Inc. v. Schuenemann,* 655 S.W.2d 264, 268 (Tex. Ct.App.1983); *Eistrat v. Humiston,* 150 Cal. App.2d 391, 309 P.2d 925, 928 (1957). See also, *United States v. Orenic,* 110 F.R.D. 584, 586 (W.D.Va.1986); Annot., *"Excessiveness or Adequacy of Attorneys' Fees in Matters Involving Real Estate–Modern Cases,"* 10 A.L.R.5th 448–537 (1993); Annot., *"Eminent Domain: Condemnor's Liability for .Costs of Condemnee's Expert Witnesses,"* 68 A.L.R.3d 546 (1976). But see, *International Longshoremen's & Warehousemen's Union v. Los Angeles Export Terminal, Inc.,* 69 Cal. App.4th 287, 81 Cal.Rptr.2d 456, 466 (1999); *City of Renton v. Dillingham Corp.,* 79 Wash.2d 374, 485 P.2d 613–14, 58 A.L.R.3d 196 (1971); *Fed–Mart Corp. v. Price,* 111 Cal.App.3d 215, 168 Cal.Rptr. 525, 532 (1980).

20. *Wisconsin v. Hotline Indus.,* see note 19, supra; *Thompson v. Commissioner of Internal Rev.,* 72 T.C.M. 1036, 1996 WL 594106 (1996); *In re Condemnation by the Commonwealth ex rel. Dept. of Trans.,* see note 19, supra; *Rose v. Falcon Communications, Inc.,* see note 19, supra.

21. *Liddycoat v. Ulbricht,* see note 19, supra; *Brunswick Floors, Inc. v. Shuman,* 185 Ga.App. 362, 364 S.E.2d 96–97 (1987), *cert. denied.* See also, *Freeman v. Leasing Assoc., Inc.,* 503 S.W.2d 406–07 (Tx.Ct.App.1974) [Lease agreement containing term "actually incurred" indicated outside limits of recovery for attorney fees.].

22. *Anderson v. Smith,* 521 S.W.2d 787–88 (Tenn. 1975); *Pacific Telephone & Telegraph Co. v. Monolith Portland Cement Co.,* 234 Cal.App.2d 352, 44 Cal.Rptr., 410, 413 (1965).

23. *United States v. 122.00 Acres of Land,* see note 19, supra.

24. *Smith v. Kendall,* see note 19, supra.

25. Title 27 O.S.1991 § 11, see note 3, supra.

26. The Okla. Const., art. 2, § 24; United States Const., Amend. 14; *Oklahoma Turnpike Auth. v. New Life Pentecostal Church of Jenks,* see note 18, supra.

27. *Oklahoma Turnpike Auth. v. New Life Pentecostal Church of Jenks,* see note 18, supra.

are interpreted according to their own terms.[28] The Legislature has specifically provided in 27 O.S.1991 § 11 that attorney fees "actually incurred" may be awarded to the prevailing party receiving an award in excess of ten percent of the commissioners' recommendations. The plain language of the statute limits relief for the attorney fees obligation to that actually incurred as a result of the condemnation proceeding. In consideration of the statutory language, our prior decisions and persuasive authority from the majority of jurisdictions, we hold that 27 O.S.1991 § 11—providing for an award of attorney fees "actually incurred"—prohibits the addition of an incentive or bonus fee to the attorney fees award in a condemnation proceeding if the fee amount is set by contract.

¶ 18 Because the owners' fee obligation was defined by contract, the award of a bonus or incentive fee based upon the factors outlined in *State ex rel. Burk v. City of Oklahoma City*, 1979 OK 115, 598 P.2d 659 constituted an abuse of discretion.[29] Therefore, the cause is reversed and remanded for proceedings consistent with this opinion.

**COURT OF CIVIL APPEALS OPINION VACATED IN PART AND LEFT UNDISTURBED IN PART; TRIAL COURT AFFIRMED IN PART AND REVERSED IN PART; CAUSE REMANDED WITH INSTRUCTIONS.**

ALL JUSTICES CONCUR.

---

**28.** *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 1027–28, 127 L.Ed.2d 455 (1994); *Neal v. Honeywell, Inc.*, 191 F.3d 827, 833 (7th Cir.1999).

**29.** Attorney's fee awards are upheld absent an abuse of discretion. *Oklahoma Turnpike Auth. v.*

*Horn*, 1993 OK 123, ¶ 6, 861 P.2d 304; *State ex rel. Burk v. City of Oklahoma City*, see note 7 at ¶ 22, supra. Abuse of discretion is established by a showing of a clearly erroneous conclusion and judgment unsupported by reason or evidence. *Abel v. Tisdale*, 1980 OK 161, ¶ 20, 619 P.2d 608.