2008 OK CIV APP 109

STATE of Oklahoma ex rel., DEPARTMENT OF TRANSPORTATION, Plaintiff/Appellee,

v.

UNITED COMMERCIAL PROPERTIES, INC., an Oklahoma corporation, Defendant/Appellant.

No. 104,720.

Court of Civil Appeals of Oklahoma, Division No. 2.

Nov. 25, 2008.

---

Thomas Jot Hartley, Daniel Thomas Giraldi, The Hartley Law Firm, PLLC, Vinita, OK, for Plaintiff/Appellee.

Kim Ellis Ritchie, Ryan M. Roberts, The Ritchie Law Firm, Pryor, OK, for Defendant/Appellant.

JOHN F. FISCHER, Judge.

¶1 United Commercial Properties, Inc., appeals from the district court's Order for Payment of Defendant's Attorney Fees, Witness Fees and Costs.[1] The sole issue presented in this appeal is whether the district court erred in denying the fees incurred by United in regard to its employment of an appraisal expert who did not testify at trial. Based on our review of the record on appeal and applicable law, we reverse.

## BACKGROUND

¶2 The Oklahoma Department of Transportation (DOT) condemned property owned by United. United refused to accept the Commissioners' award and demanded a jury trial. The amount awarded to United by the jury exceeded the Commissioners' award by more than ten percent. Consequently, as discussed post, United was entitled to its attorney, expert and appraisal fees incurred in the condemnation proceeding. United filed a motion for fees and costs, which the district court granted on May 3, 2007. The district court awarded $66,685.25 in fees and costs, including attorney fees, engineering expert fees, survey fees and $14,800 for the appraisal services rendered by Lonnie Stansifer. The district court denied United's request for certain engineering costs and all of the fees requested for the services rendered by appraiser Dwain Spears.

---

1. The Department of Transportation (DOT) filed a counter petition in error asserting various assignments of error. None of those issues was addressed in DOT's appellate briefing and have been abandoned. *See* Oklahoma Supreme Court Rule 1.11(k)(1), 12 O.S.2001, ch. 15, app. 1 ("Issues raised in the Petition in Error but omitted from the brief may be deemed waived.").

¶3 At the hearing on United's motion, Mr. Spears testified that he had performed more than 200 appraisals in eminent domain cases, entered into a written contract to perform appraisal services for United at the rate of $100 per hour and spent 138 hours pursuant to that contract for a total of $13,800, of which $2,000 had been paid. DOT's witness Tom Gann testified that the hours spent by Mr. Spears and his hourly rate "aren't that far removed from what you normally would see in a case of this type." Although Mr. Spears's testimony suggests there may have been some duplication between his services and the services provided for United by Mr. Stansifer, Mr. Gann did not address that possibility or contend that the services provided by Mr. Spears were unnecessary. Mr. Gann's only objection to the fees sought for Mr. Spears's services was that, in his opinion, it was not reasonable for DOT to be required to pay the expenses of an expert witness who did not testify at trial. The district court's order does not state the basis on which it denied the fees charged by Mr. Spears.

## STANDARD OF REVIEW

■ ¶4 The award of litigation expenses is reviewed for an abuse of discretion requiring proof, before the district court's decision can be reversed, that the trial judge made a clearly erroneous conclusion and judgment against reason and evidence. *Abel v. Tisdale*, 1980 OK 161, ¶20, 619 P.2d 608, 612. *See also Oklahoma Turnpike Auth. v. Horn*, 1993 OK 123, ¶6, 861 P.2d 304, 306 (holding that *Abel* requires affirmance of district court's decision awarding "attorney, appraisal and engineering fees" pursuant to 27 O.S. 2001 § 11, unless the appellate court finds an abuse of discretion). An abuse of discretion results when an incorrect ruling of law is made. *See Spencer v. Oklahoma Gas & Elec. Co.*, 2007 OK 76, ¶13, 171 P.3d 890, 895.

## DISCUSSION

■ ¶5 The governing principle that resolves this dispute is provided by the Oklahoma Constitution: "Private property shall not be taken or damaged for public use without just compensation. Just compensation shall mean the value of the property taken, and in addition, any injury to any part of the property not taken." Okla. Const. art. 2, § 24. A landowner whose property has been taken by the government is entitled to be fully compensated. "[F]ull indemnification by just or fair compensation ... *requires that the owner be placed as fully as possible in the same position as that before the government's taking.*" *Oklahoma Turnpike Auth. v. New Life Pentecostal Church of Jenks*, 1994 OK 9, ¶12, 870 P.2d 762, 766 (emphasis in original). Just compensation includes attorney, appraisal, engineering and expert witness fees incurred by the land owner in the condemnation proceeding. *Oklahoma Turnpike Auth. v. New*, 1993 OK 42, 853 P.2d 765. *See also Oklahoma Turnpike Auth. v. Little*, 1993 OK 116, 860 P.2d 226 (affirming the award of appraisal fees for landowner's two appraisers pursuant to 27 O.S. § 11(3)).

¶6 Two statutes address United's entitlement to the appraisal fees charged by Mr. Spears. First, 27 O.S.2001 § 11 (3) provides, in part:

If the award of the jury exceeds the award of the court-appointed commissioners by at least ten percent (10%), the owner of any right, title or interest in such real property may be paid such sum as in the opinion of the court will reimburse such owner for his reasonable attorney, appraisal and engineering fees, actually incurred because of the condemnation proceedings.

Title 66 O.S.2001 § 55 (D) provides, in part:

[I]f the award of the jury exceeds the award of the court-appointed commissioners by at least ten percent (10%), then the owner of any right, title or interest in the property involved may be paid such sum as in the opinion of the court will reimburse such owner for his reasonable attorney, appraisal, engineering, and expert witness fees actually incurred because of the condemnation proceeding.

DOT does not dispute that Mr. Spears actually spent the time for which United requests compensation. DOT does not claim that the 138 hours spent by Mr. Spears were unreasonable for a case of this complexity, or that his hourly rate was unreasonable.

¶ 7 Further, DOT does not dispute that Mr. Spears's fees were "actually incurred" by United. The Spears/United contract provides: "this account is not contingent upon a fee hearing, dispute of fees with plaintiff, or disposition of the court case.... *I do not work on a contingency basis* ...." (emphasis in original). The contract was introduced without objection at the fee hearing. Although DOT argues this case should be resolved pursuant to *State ex rel. Burk v. City of Oklahoma City,* 1979 OK 115, 598 P.2d 659, that argument has been rejected when a fee obligation has been incurred by the landowner pursuant to a contract.

> The owners contend that the trial court had authority to assess a bonus or incentive fee through consideration of the factors outlined in [*Burk*] .... However, we agree with DOT's assertion that the plain language of 27 O.S.[2001] § 11 prohibits the award of a fee larger than the sum the owners are contractually obligated to pay.

*State ex rel. Dep't of Transp. v. Norman Indust. Dev. Corp.,* 2001 OK 72, ¶ 12, 41 P.3d 960, 964. *See also New Life Pentecostal,* 1994 OK 9 at n. 11, 870 P.2d at 765 n. 11 ("Where there is no contract or statute establishing the amount of an attorney's fee that is due, the standards announced in [*Burk*] apply in fashioning a reasonable fee.").

¶ 8 *New Life Pentecostal* explains that two tasks are required when a court considers the amount of a contractually incurred attorney fee to be awarded in a condemnation case. 1994 OK 9 at ¶ 11, 870 P.2d at 765. The first is to determine the extent of the landowner's contractual obligation. The second is to consider whether that obligation is reasonable. We find the holding in *New Life Pentecostal* applicable whether the contract relates to attorney or appraisal fees. Consequently, we do not adopt DOT's argument that the test for determining the reasonableness of appraisal fees in this case was established in *Horn.*

¶ 9 *Little* clearly establishes a test for appraisal fees: "This Court has not previously established guidelines for determining the reasonableness of appraisal fees. However, we find the [*Burk*] criteria that has been adopted to evaluate the reasonableness of attorney fees is helpful." *Little,* 1993 OK 116 at ¶ 14, 860 P.2d at 229. This holding in *Little,* however, must be viewed in the context of *New Life Pentecostal,* which the Court decided the following year. We find no basis in either of these decisions to conclude that an appraisal contract is to be treated differently than an attorney fee contract. Consequently, in the absence of a contract for appraisal services, *Horn* determines the reasonableness of the fee to be awarded. If the appraisal services were incurred pursuant to a contract, then *New Life Pentecostal* applies.

¶ 10 The evidence produced at the fee hearing establishes that Mr. Spears performed appraisal services pursuant to a written contract. The financial obligation actually incurred by United pursuant to that contract was $13,800. Mr. Spears's hourly rate was reasonable, and, absent any duplication of services provided by Mr. Stansifer, the time he spent was not unreasonable. At least part of that time was spent appearing at depositions at the request of DOT, providing advice during trial to United's counsel to aid his cross-examination of DOT's witnesses and providing some of the same kinds of services provided by DOT's two appraisers. Title 12 O.S. Supp.2004 § 3226 (B)(3)(c) requires DOT to pay a "reasonable fee" for the time spent by Mr. Spears responding to its deposition requests unless it can demonstrate "manifest injustice" from doing so. Even if Mr. Spears had never been expected to testify, section 3226(B)(3)(c)(2) would require DOT to pay a "fair portion" of the fees reasonably incurred by United for Mr. Spears.[2]

¶ 11 It may be, as DOT suggests in its Answer Brief, that the district court concluded that Mr. Spears's services were unnecessary because he did not testify at trial. We do not view *Norman Industrial* or *New Life Pentecostal* as requiring an award of fees merely because they were incurred pur-

---

2. *See e.g.,* 12 O.S.2001 § 942(6)(authorizing the district court to tax deposition expenses as costs without regard to whether the deposition is actually used at trial).

suant to a contractually imposed liability. That result would provide the landowner with more than just compensation and the "windfall" of concern to the Court in *Norman Industrial.* 2001 OK 72 at ¶ 15, 41 P.3d at 965. Further, that result would defeat the purpose of 27 O.S.2001 § 11, 66 O.S.2001 § 55 and a district court's statutorily imposed oversight. Nonetheless, based on the undisputed evidence regarding what would otherwise appear from this record to be reasonable services, the fact that Mr. Spears did not ultimately testify at trial does not, in and of itself, demonstrate the unreasonableness of all of the services Mr. Spears provided. Consequently, DOT has failed to meet its burden of showing that all of the Spears fees were unreasonable.[3]

## CONCLUSION

¶ 12 Pursuant to a written contract, United incurred the obligation to pay Mr. Spears $13,800 for appraisal services provided in this condemnation proceeding. The Oklahoma Constitution, 27 O.S.2001 § 11 and 66 O.S. 2001 § 55 require that United be compensated for the cost of those services to the extent that the district court determines that cost is reasonable. The judgment of the district court is reversed and this case is remanded for a determination of the amount of fees reasonably incurred by United as a result of the services provided by Mr. Spears pursuant to the contract.

¶ 13 United has requested an award of appeal-related attorney fees pursuant to 12 O.S. Supp.2007 § 696.4 (C). United is entitled to an award of attorney fees for services rendered on appeal. *New,* 1993 OK 42 at ¶ 12, 853 P.2d at 767. On remand, the district court shall conduct a hearing to determine a reasonable fee and assess that amount against DOT.

---

3. While arguing for application of the *Burk* standard set forth in *Horn,* DOT contends that it has no burden of proof and that United failed to meet its burden of showing the fees were reasonable and necessary. To the extent that there is any difference, we do not adopt DOT's view of the applicable burden of proof because we have not adopted its test for determining the appropriate

¶ 14 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

GOODMAN, P.J., and WISEMAN, J., concur.

amount of appraisal fees in this case. In a contract case, like the one at issue in this appeal, "[i]f the fee obligation is not excessive, the landowners' contractual ... obligation shifts to the condemnor." *New Life Pentecostal,* 1994 OK 9 at ¶ 11, 870 P.2d at 765. At the fee hearing, United established that at least some of Mr. Spears's fees were reasonable.