**Douglas L. MILLER, Appellee,**

v.

**STATE of Oklahoma, ex rel. DE-PARTMENT OF PUBLIC SAFETY, Appellant.**

**No. 85114.**

Court of Appeals of Oklahoma, Division No. 3.

June 4, 1996.

Certiorari Denied Oct. 2, 1996.

Cara Epps Clifton, Department of Public Safety, Oklahoma City, for Appellant.

Stephen G. Fabian, Jr., Fabian & Associates, Edmond, for Appellee.

OPINION

BUETTNER, Judge:

A police officer in Wynnewood, Garvin County, arrested Appellee Douglas L. Miller (Miller) because of his belief that Miller was driving, or in actual physical control of, a motor vehicle upon a public road while under the influence of alcohol or other intoxicating substance. Miller consented to a breath-alcohol test, the result of which was .07 g/210.

Under the Oklahoma Implied Consent Laws, 47 O.S.1991 §§ 751, 754,. if the arrested person does not consent to a test, or tests at ten-hundredths (0.10) or greater, the arresting officer may seize the license and provide the driver with a receipt and notification of revocation of his driver's license. The arresting officer is then obligated to forward the license, copy of receipt, and sworn report (including the breath test report) to the Department of Public Safety (DPS) within 72 hours. 47 O.S.1991 § 754(2). Upon receipt of a breath test report showing an alcohol concentration of .10 or more, and the sworn report of the arresting officer complying with Section 754, DPS shall revoke the license of the arrested person for the time period specified in 47 O.S.1991 § 6–205.1.

In this case, the arresting officer issued a Notice of Disqualification because the breath test was in excess of .04 and Miller was operating a commercial motor vehicle. DPS sent Miller a notice of revocation of his license for a period of one year. Miller, a commercial truck driver, who held a Texas, but not Oklahoma driver's license, asked for and was granted an administrative hearing before a DPS hearing officer. In accordance with 47 O.S.1991 § 754(5), because the revocation was based upon a breath test, the scope of the hearing was required to include "whether: ... c. The test result in fact reflects such alcohol concentration." The hearing officer concluded that the arresting officer had reasonable belief that Miller was operating or in actual physical control of a commercial motor vehicle while having a

breath alcohol concentration of .04 or more. The hearing officer sustained the DPS Commissioner's order revoking Miller's driving privileges for one year.

On July 5, 1995, Miller filed a lawsuit in Garvin County appealing the revocation and alleging DPS violated his civil rights. He also requested an award of costs and attorney fees. On that very day, DPS mailed an amended order to Miller. According to statements in DPS's brief, DPS claims that the original order vacating Miller's license was issued in error, that the amended order vacated the previous order of revocation, and also stated that it was sending a "notice of conviction" to Miller's jurisdiction of residence for disqualification, pursuant to 49 C.F.R. 383.5.

In its brief, DPS admits that it informed the District Court of Garvin County through a motion to dismiss, that it "had neither the authority to revoke Miller's license under the implied consent laws nor the authority to disqualify Miller's Texas commercial driver's license." DPS based this statement on the fact that "[s]tatutorily, the Department only had the authority to disqualify either residents or individuals with Oklahoma driver's licenses, 47 O.S. § 6–205.2." The District Court, after hearing arguments of the parties' attorneys, entered an order setting aside and holding the amended order issued by DPS for naught.

Miller then filed an application for attorney fees and costs pursuant to 12 O.S.1991 § 941(B), which provides in pertinent part:

The respondent in any proceeding brought before any state administrative tribunal by any state agency, board, commission, department, authority or bureau authorized to make rules or formulate orders shall be entitled to recover against such state entity court costs, witness fees and reasonable attorney fees if the tribunal or a court of proper jurisdiction determines that the proceeding was brought without reasonable basis or is frivolous;

· · ·

■ The District Court heard testimony from Miller's lawyer concerning the time involved in the case, novelty of the question, his experience and other *Burk* factors.[1] He introduced his time-records into evidence. An attorney with a similar practice and experience, but who practiced in Garvin County, also testified as an expert in support of Miller's application for attorney fees. DPS cross-examined both witnesses. The Court found that Miller was entitled to recover attorney fees, expert witness fees and costs. It specifically found that the reasonable amount of time spent by Miller's attorney was 40 hours at a rate of $100.00 per hour, an amount it found reasonable in the Garvin County Community.[2] The court also awarded him $240.00 as an expert witness fee and $82.00 as costs of the action. DPS appeals from this order.

■ First, DPS contends that the attorney fee was erroneously granted because its proceeding was not frivolous. The trial court did not state the reason it set aside DPS's order. There is no transcript of the hearing and DPS did not file a narrative statement, contrary to an order entered by the Supreme Court. We must presume that the trial court had sufficient competent evidence to support its order. The only "evidence-like" documents found in the appellate record from the hearing on the merits were the police incident report and the two DPS orders, all attached to DPS's motion to dismiss. We affirm the trial court's determination when a record is silent on a salient issue, and its "disposition of the subject-matter tendered for its inquiry is not clearly contrary to

---

1. *Burk* factors used by courts to determine attorney fees include: hourly compensation based on hours times rate basis; time and labor required; novelty and difficulty of the questions; skill required; preclusion of other employment; customary fee; whether the fee is fixed or contingent; time limitations imposed by client or circumstances; amount involved and results obtained; experience, reputation and ability of the lawyer; undesirability of the case; nature and length of the professional relationship with the client and awards in similar cases. *Burk v. City of Oklahoma City,* 598 P.2d 659, 661 (Okla. 1979).

2. Miller's attorney testified that he normally charged $150.00 per hour and that he spent more than 30 hours on the case before preparing for the attorney fee hearing.

the weight of the evidence upon which it rests or to any governing norm of law." *Chamberlin v. Chamberlin,* 720 P.2d 721, 725 (Okla.1986). Although the journal entry of judgment for the attorney fee does not specify whether the DPS proceeding was frivolous or brought without reasonable basis, the court is deemed to have found at least one of those grounds in order to assess fees against DPS. Based on DPS's admission that it lacked authority to revoke Miller's license or attempt to have him disqualified in his home state, the trial court had evidence that the proceedings were brought without reasonable basis.

■ Next DPS argues that the amount of the attorney fees awarded was excessive. When reviewing an issue of reasonableness of attorney fees, the standard of review is whether the trial court abused its discretion. *Burk v. City of Oklahoma City,* 598 P.2d 659, 663 (Okla.1979). DPS points to testimony from Miller's expert and his attorney that the customary fixed fee is between $850.00 to $900.00. Those fees, however, did not include compensation for filing an original lawsuit. The lawyers testified that the $850.00 and up was what they charged for the DPS administrative hearing and any concomitant misdemeanor criminal work. Here, Miller had to request a hearing, appear at the hearing, file an appeal of a revocation order, appear in district court to argue the merits, as well as prepare and argue his motion for attorney fees. The fact that some lawyers charged a fixed fee to represent a client at a DPS administrative hearing does not show abuse of discretion in this case.

■ DPS also asserts that the trial court erred in awarding fees for issues upon which Miller did not prevail and for travel time. Miller argues that he dismissed his civil rights claims and that none of the time spent on that claim was submitted to the court. DPS has not directed us to any specific time entries relating to the civil rights claim and for which Miller was awarded fees. With respect to travel time, it is within the trial court's discretion whether, and how much, to award for such activity. Again, DPS has not directed our attention to the amount, if any, that was awarded for travel time, nor demonstrated an abuse of discretion.

■ Miller did procure an order setting aside DPS's order. "Prevailing party", in any event, is not the statutory test to apply in this case. The court needed only to determine that DPS's actions were either without reasonable basis or frivolous. DPS has failed to show that the trial court's order awarding attorney fees and costs was an abuse of discretion.

■ As a final issue, Miller included a one sentence request for appellate attorney fees in the Conclusion section of his brief. In accordance with 12 O.S.1995 Supp. § 696.4 (effective November 1, 1995 [3]), an application for attorney fees for services on appeal shall be included in the applicant's brief or by separate motion filed any time before issuance of mandate. If made in the applicant's brief, "the application shall be made in a separate portion that is specifically identified", and cite authority for entitlement. The one sentence reference in the Conclusion to appellate attorney fees is insufficient under the statute and will not be considered.

For the reasons stated above, we affirm the trial court's order granting attorney fees and costs in favor of Miller.

AFFIRMED.

HANSEN, P.J., and ADAMS, V.C.J., concur.

---

**3.** Prior law required a separate motion for attorneys fees filed with the applicant's brief in the

appellate court. 12 O.S.1993 Supp. § 696.4(C).