2017 OK 12

STATE of Oklahoma, EX REL. DEPARTMENT OF TRANSPORTATION, Plaintiff/Appellee,

v.

CEDARS GROUP, L.L.C., an Oklahoma Limited Liability Company, Centoma, an Oklahoma Limited Partnership, Bush, Ltd., d/b/a Deer Creek Texaco and A. Sam Coury, an Individual, Defendants/Appellants,

and

Oklahoma County Treasurer, Dollar General Stores, Dolgencorp, Inc., Nbanc, Commercial Federal Bank, Spiritbank and First United Bank and Trust Co., Defendants.

Case Number: 113135

Supreme Court of Oklahoma.

Decided: 02/22/2017

Gregg R. Renegar and Joan A. Renegar, Kornfeld, Franklin, Renegar & Randall, Edmond, Oklahoma, for Defendants/Appellants.

Ron R. Mason, Mason Law Firm PLLC, Oklahoma City, Oklahoma, for Plaintiff/Appellee.

COMBS, C.J.:

### FACTS AND PROCEDURAL HISTORY

¶ 1 Prior to filing the condemnation proceedings the Appellee, Oklahoma Department of Transportation (ODOT), offered the Appellants, Cedars Group, L.L.C., an Oklahoma limited liability company; Centoma, an Oklahoma limited partnership; A. Sam Coury (Coury); and Bush, Ltd. d/b/a Deer Creek Texaco, (collectively, Coury Defendants), $562,500.00 for the acquisition of certain real property. The offer was not accepted and ODOT commenced two condemnation proceedings on October 3, 2007. In CJ-2007-8484, Oklahoma County, Oklahoma, the commissioners' report was filed April 8, 2008, estimating the value of just compensation for the property to be $285,000.00. This case was consolidated with the other condemnation proceeding, CJ-2007-8485, Oklahoma County, Oklahoma, on May 1, 2009. The commissioners' report for CJ-2007-8485 was filed on April 3, 2008, estimating the value of just compensation for the property to be $177,500.00. The combined value of the two commissioners' awards totaled $462,500.00.

¶ 2 On May 2, 2008, the Coury Defendants hired Gregg Renegar's law firm to provide representation in the condemnation proceedings. Section 2 of the written attorney-client agreement provided:

Section 2. Attorney's Fees. Client shall pay to Attorney, as Attorney's fees for the representation as provided in this Agreement, forty percent (40%) of the difference between the Commissioner's award and the jury verdict or settlement amount with respect to the above-described claim. If attorney's fees are statutorily allowed and awarded by the court, these will be added to the recovery and the above percentage taken of the total.

The written attorney-client agreement also provided that any modifications would have to be in writing.

¶ 3 A jury trial was held on February 14, 2011. The jury awarded just compensation in the amount of $525,000.00 for the two tracts. This amount exceeded the commissioners' award ($462,500.00) by at least ten percent and therefore the Coury Defendants were entitled to be paid a sum in the opinion of the court which will reimburse their reasonable attorney, appraisal, engineering, and expert witness fees actually incurred because of the condemnation proceedings pursuant to 27 O.S. 11 (3) (added in 1975) and 66 O.S. 55 (D) (added in 1980).

3. If the award of the jury exceeds the award of the court-appointed commissioners by at least ten percent (10%), the owner of any right, title or interest in such real property may be paid such sum as in the opinion of the court will reimburse such owner for his reasonable attorney, appraisal and engineering fees, actually incurred because of the condemnation proceedings. Such determination by the court shall be appealable to the Supreme Court in the same manner as any other final order. The final award of such sums will be paid by the person, agency or other entity which sought to condemn the property. Title 27 O.S. 11 (3).

(D) Where the party instituting a condemnation proceeding abandons such proceeding, or where the final judgment is that the real property cannot be acquired by condemnation or if the award of the jury exceeds the award of the court-appointed commissioners by at least ten percent (10%), then the owner of any right, title or interest in the property involved may be

paid such sum as in the opinion of the court will reimburse such owner for his reasonable attorney, appraisal, engineering, and expert witness fees actually incurred because of the condemnation proceeding. The sum awarded shall be paid by the party instituting the condemnation proceeding.

Title 66 O.S. 55 (D).

¶4 On May 20, 2011, the Coury Defendants filed an application for attorney fees and a motion for costs. The trial court held the requests were untimely filed and denied the requests; the Coury Defendants appealed. On November 23, 2013, we issued our opinion finding the requests were timely and upon application we awarded $100.00 in costs to the Coury Defendants and awarded appeal-related attorney fees which were to be determined by the trial court upon remand.

¶5 On March 7, 2014, the Coury Defendants filed a second supplemental application for attorney fees in the trial court. In ODOT's response brief filed April 14, 2014, it mentions Renegar's law firm had just recently informed ODOT that the original written attorney-client agreement had been orally modified. The Coury Defendants' reply brief, filed April 23, 2014, explained the written attorney-client agreement had been abrogated prior to the February 14, 2011, trial. The reply states:

> Second, the original Contingency Fee Agreement between Renegar's law firm and the Defendants no longer exists as it was abrogated by the parties to the contract prior to the beginning of the trial of the case. A. Sam Coury ("Coury") was deposed on April 21, 2014 by ODOT's counsel and his testimony confirmed that the parties abrogated the Contingency Fee Agreement prior to the beginning of the trial of the case. Coury will be presented as a witness at the hearing on this matter. In addition, as pointed out by ODOT on page 5 in its Response Brief, "... Coury, to date, has not paid his attorney any money for any fees'...." which is a clear indication, by virtue of the parties' behavior, that the contract was abrogated, *i.e.,* the parties' actions are indicative of the abrogation of the contract.

The same document also provides:

> ODOT acknowledges on page five of its Response Brief that Coury "has not paid his attorney any money for any fees; ...." Of course, the reason for this is that Coury and his attorney abrogated the original contingency fee agreement and Coury is acting in accordance with his agreement with his attorney, that being that Coury would get all of the proceeds from the jury verdict and that his attorney would get what is awarded by the court for attorney's fees.

¶6 Along with the reply, the Coury Defendants filed a third application for attorney fees and costs. It sets out the following table showing the requested fees, costs and expenses:

| TRIAL COURT | | APPELLATE COURT | |
| --- | --- | --- | --- |
| Fees | $353,747.85 | Fees | $75,965.00 |
| Expenses | $17,325.12 | Expenses | $3,843.97 |
| Storage Tank Fees | $31,533.20 | Costs Sup. Ct. Order | $100.00 |
| Application For Costs | | Appellate Court total | $79,908.97 |
| Storage Tank Expenses | $750.01 | | |
| **Trial Court Total** | **$401,354.40** | | |
| Statutory Costs | $2,001.78 | | |
| Expert Appraisal | $37,320.00 | | |
| Expert Survey Fee | $3,442.50 | | |
| **COSTS AND EXPENSES TOTAL** | $42,764.28 | **GRAND TOTAL** | **$524,027.65** |

These numbers did not include anticipated future attorney fees and litigation expenses. The Coury Defendants anticipated there would be another $13,400.00 in attorney fees plus some additional Westlaw charges.

¶7 On June 11, 2014, the trial court held an evidentiary hearing concerning the requested fees, costs and expenses. At the hearing Gregg Renegar and A. Sam Coury testified. The testimony provided the May 2, 2008, written attorney-client agreement was abrogated soon after it was executed and it was replaced with an oral agreement. This was done after they realized ODOT would be liable for attorney fees if the verdict exceeded the commissioners' award by at least ten percent.[1] Renegar testified the abrogation occurred sometime in 2009.[2] Under the oral agreement the Coury Defendants would keep the jury award and would support Renegar in applying for fees, costs and expenses. Renegar would be paid whatever amount the trial court awarded as attorney fees. A. Sam Coury testified that under the oral agreement there was no obligation whatsoever to pay any of Renegar's attorney fees.[3] This was verified by Renegar's testimony.[4] However, Renegar also stated the Coury Defendants are obligated to pay Renegar any attorney fees the court may award. They referred to this oral agreement as a contingency agreement. Renegar also referred to the oral agreement as an "executed oral agreement" based on his interpretation that it became executed when the Coury Defendants received the jury award.[5] The trial court noted the first application for attorney fees filed in 2011 attached the written contract and did not mention it had been abrogated. ODOT also noted other filings since the first application never mentioned the oral agreement.

¶8 At the evidentiary hearing, Renegar

1. Transcript of Proceedings held June 11, 2014, pg. 104, Lines 13–20.

2. Transcript of Proceedings held June 11, 2014, pg. 14, Lines 6–9.

3. Transcript of Proceedings held June 11, 2014, pg. 48, Line 8.

4. Transcript of Proceedings held June 11, 2014, pg. 26, Lines 23–24.

5. Transcript of Proceedings held June 11, 2014, pg. 27, Lines 19–21.

requested the trial court to use a *Burk* [6] incentive to enhance any attorney fees it may award. ODOT argued a *Burk* incentive would be inappropriate since the parties are alleging the oral agreement is their contract and *Burk* incentives are not appropriate where there is a contract. Renegar confirmed the oral agreement is the controlling contract.

¶ 9 On July 24, 2014, the trial court filed Findings of Fact and Conclusions of Law (Order) which held the Coury Defendants were not entitled to an award of any attorney fees because they had never actually incurred any of Renegar's trial or appeal related fees. The court also determined that a *Burk* incentive was not appropriate because the statutes limit recovery of attorney fees to the amount that was actually incurred. The court allowed the appraisal fees of $37,320.00 because they were actually incurred. The trial court denied the surveying/engineering fees.[7] The Order made no determination concerning the amount of a reasonable attorney fee nor was a determination made concerning the requested costs, expenses, the $100.00 appeal related costs this Court granted earlier or the expert witness fees of Vicki Robertson who testified concerning the appropriateness of the attorney fees requested. On appeal, the Oklahoma Court of Civil Appeals affirmed the trial court. Thereafter, the Coury Defendants filed a petition for certiorari which this Court granted on September 19, 2016.

## STANDARD OF REVIEW

¶ 10 Whether a party has a right to recover a statutory attorney's fee is a legal question, and will be reviewed de novo by this Court. The appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶ 14, 859 P.2d 1081.

6.  *State ex rel. Burk v. City of Oklahoma City,* 1979 OK 115, 598 P.2d 659.

7.  Following the commissioners' award ODOT notified the Coury Defendants that certain storage tanks would have to be moved. The Coury Defendants then relocated the storage tanks but they were inadvertently placed within the ease-

## ANALYSIS

### I.  Attorney Fees

¶ 11 This Court has previously acknowledged the use of contingency fee agreements in condemnation cases: *Root v. Kamo Elec. Co-op., Inc.,* 1985 OK 8, 47, 699 P.2d 1083 (the terms of the contingent fee contract provided client would pay his attorney one-third of the amount awarded by the jury in excess of the commissioners' award); *Oklahoma Turnpike Authority v. New Life Pentecostal Church of Jenks,* 1994 OK 9, n.1, 870 P.2d 762 (contingent fee contract provided, if the jury verdict exceeds the commissioners' award by 10% then client agrees to pay attorney 40% of the difference between the amount of the verdict plus interest less costs and the amount of the final offer of the condemnor before suit was filed; the court also noted there was a scarcity in condemnation cases where a fee was based on a contingency contract); *State ex rel. Dept. of Transportation v. Norman Industrial Development Corp.,* 2001 OK 72, n.6, 41 P.3d 960 (the contingency fee agreement was for 40% of the difference between the amount of the jury verdict plus interest less costs, and the amount of Plaintiff's final offer prior to suit if the jury award was at least 10% greater than the commissioners' award. If the award was less, the client was specifically obligated to pay attorney based on his hourly rate of $125/hour; we noted the landowner's fee obligation was defined by contract. *Norman,* 2001 OK 72 at 18, 41 P.3d 960). In the present case, the trial court found the terms of the oral agreement were not what she normally sees in condemnation cases. The judge said the terms of the written agreement were what she normally sees. The terms of the written agreement are similar to the contingency fee contracts mentioned in these cited cases.

ment. ODOT obtained a writ of assistance to have the tanks relocated again. The Coury Defendants hired an engineer, Mr. Butler, to survey the property to determine the proper location. Although the trial court's Order was not specific it effectively held the surveying/engineering fees were not part of the condemnation proceedings.

¶ 12 ODOT asserts there was no obligation under the oral agreement for the Coury Defendants to pay Renegar any attorney fees. The applicable statutes, 27 O.S. 11 (3) and 66 O.S. 55 (D), allow fee-shifting of attorney fees to reimburse the condemnee for those fees the condemnee has actually incurred because of the condemnation proceeding if the jury verdict exceeds the commissioners' award by ten percent. There is no question the jury verdict exceeded the commissioners' award by ten percent. The testimony reflects the Coury Defendants were obligated to pay Renegar whatever amount the court awarded.

¶ 13 In *Norman*, 2001 OK 72 at 14, 41 P.3d 960, we determined that in *Kamo* and *New Life*, the "outer limits of the losing condemnor's obligation for reasonable attorney fees actually incurred were defined by the landowners' contractual obligations to their counsel." We noted this followed an overwhelming majority of jurisprudence which considered similar fee-shifting statutes. *Id.* We determined the majority of these courts find the phrase "actually incurred" limits the attorney fees which may be awarded to the client's actual outlay or contractual obligation. *Id.* at 15, 41 P.3d 960. These courts found the term "actually incurred" to be clear and unambiguous and is intended to define the maximum amount of fees that may be reasonably allowed under such legislative schemes. Those courts recognized the main thrust of such statutes is to "compensate landowners for attorney fees and expenses incurred in the condemnation action while preserving the governmental treasury." *Id.* Allowing a greater recovery would be beyond the legislative intent. *Id.* In *Kamo* we noted:

> Appellant's argument that the various fees and costs were not actually incurred by appellees because they had not yet been paid or were, in fact, paid by appellees' attorneys is entirely spurious. Webster's New Collegiate Dictionary (1979), defines incur as "to become liable or subject to." The evidence in this case clearly indicates that appellees bore the ultimate liability for these debts, and thus had "actually incurred" the attorney fees and costs.

*Kamo*, 1985 OK 8 at n.40, 699 P.2d 1083 (emphasis added).

¶ 14 Contracts between attorneys and their clients regarding compensation stand on the same footing as any other contract and are upheld unless contrary to law, oppressive, fraudulent or the fee is obviously disproportionate to the services rendered. *State ex rel. Oklahoma Bar Association v. Friesen*, 2016 OK 109, ¶ 16, 384 P.3d 1129. The oral agreement here is for the Coury Defendants to support Renegar in an application for attorney fees and to pay Renegar any such amount the court awards. This is a real obligation on the part of the Coury Defendants and they are ultimately liable to pay that amount to Renegar if the court makes the award. It is clear from the record that Renegar's law firm engaged in many hours of work on this seven-year condemnation case. The jury award here exceeded the commissioners' award by more than ten percent and therefore it was error for the trial court to have denied an award of reasonable attorney fees.

¶ 15 Whenever there is statutory authority to award attorney fees in the trial of a matter, the prevailing party may be awarded additional fees for services rendered in the appellate court. *State ex rel. Dept. of Transportation v. Carter*, 2005 OK 7, ¶ 6, 107 P.3d 593. The trial court's Order did not specifically mention an award of appeal-related attorney fees. It instead denied all attorney fees. Because we hold 27 O.S. 11 and 66 O.S. 55 provide for reasonable attorney fees under the facts of this case the trial court also erred in not awarding a reasonable attorney fee related to the appeal.

## II. Underground Storage Tanks

¶ 16 The trial court refused to grant attorney fees and engineering fees related to the removal of the underground storage tanks (gas tanks) located on the Coury Defendants' property. Both 27 O.S. 11 and 66 O.S. 55 provide for the award of attorney fees and engineering fees "actually incurred because of the condemnation proceedings." Renegar's attorney fees regarding the gas tanks removal was in the amount of $31,533.20. The fee for the engineer to survey the location to

place the gas tanks was $3,442.50. Some of the property at issue in the condemnation proceeding had signage and gas tanks with vents and piping that were obstructing the State's easement. The Coury Defendants on their own apparently hired a company to relocate the gas tanks. ODOT asserts at this stage the Coury Defendants did not use a surveyor and told the company exactly where to relocate the gas tanks. However, in relocating the gas tanks one of the gas tanks was placed in the State's newly acquired easement.[8] ODOT obtained a writ of assistance to have the gas tanks relocated. An engineer, Mr. Butler, was hired by Coury to provide surveying services necessary for relocating the gas tanks. The trial court found the Coury Defendants were not entitled to be reimbursed the $3,442.50 for the work Mr. Butler performed because it was only required as a result of the Coury Defendants unilaterally moving the storage tanks and subsequently replacing them within the easement boundaries. On appeal the Coury Defendants argue the relocation of the gas tanks and Mr. Butler's work was necessary "because of the condemnation proceedings" and therefore they should be reimbursed.

¶ 17 This issue concerns the interpretation of "because of the condemnation proceedings" found in both 27 O.S. 11 and 66 O.S. 55. The engineering services were actually incurred and the engineer testified he understood that Coury would be the one paying his bill. ODOT argued Mr. Butler's billing was solely related to the writ of assistance proceedings initiated by ODOT (within CJ-2007-8484 consolidated with CJ-2007-8485) and should not be considered part of the condemnation proceedings. We hold, but for the condemnation proceedings the Coury Defendants would not have been required to relocate the gas tanks. The issues concerning the removal of the gas tanks were reasonably incidental to the condemnation proceeding and we therefore find they occurred "because of the condemnation proceeding." The trial

court erred by not awarding both a reasonable attorney fee related to the litigation concerning the gas tanks removal as well as the engineering fee incurred by Mr. Butler.

### III. Other Expert Fees

▆▆ ¶ 18 The trial court awarded the Coury Defendants' appraisal fees in the amount of $37,320.00 and that award is not contested. The trial court failed to award their expert witness fees for the work Vicki Robertson performed concerning the reasonableness of Renegar's attorney fees. In *Oklahoma Turnpike Authority v. Little*, 1993 OK 116, ¶ 20, 860 P.2d 226, this Court determined it was the Legislature's intent to allow reimbursement for reasonable expert witness fees incurred for the purpose of determining an award of attorney fees following condemnation. This was based on the Legislature's inclusion of "expert witness fees" in 66 O.S. 55. At the evidentiary hearing, Vicki Robertson testified concerning the reasonableness of Renegar's work and the amounts she had charged for her work. The trial court did not mention her expert witness fees in the Order. We hold such expert witness fees are appropriate pursuant to *Little* and it was error for the trial court to deny these expert witness fees.

### IV. Court Costs and Litigation Expenses

▆▆▆ ¶ 19 The Coury Defendants also requested costs in the amount of $2,001.78, litigation expenses ($17,325.12 incurred at the trial court level and $3,843.97 incurred at the appellate level with some additional anticipated future expenses) and appeal related costs of $100.00 previously awarded by this Court in our January 27, 2014, order. The trial court mentioned none of these in its Order. The right to recover attorney fees or costs in a condemnation proceeding, like other proceedings, must be provided by statute.

---

8. The record is unclear whether the gas tanks were placed in an existing easement or one newly acquired through this condemnation proceeding. A review of certain filings in the underlying consolidated cases, (December 23, 2009, Response to Defendant's Motion to Vacate Writ of Assistance and Defendant's January 13, 2010,

Response to the Oklahoma Department of Transportation ("ODOT") Application For Writ of Assistance And Mandatory Injunction For Removal of Structures Encroaching On State Easement and Right Of Way and Brief in Support) indicate the easement in question was newly acquired through this condemnation proceeding.

*Oklahoma Turnpike Authority v. New,* 1993 OK 42, ¶ 4, 853 P.2d 765. In *New* we held where a party receives a jury verdict in a condemnation case in excess of the commissioners' award that party is entitled to recover costs of the jury trial based on our interpretation of 66 O.S. 55 and 56. *New,* 1993 OK 42 at 11, 853 P.2d 765. As to the $100.00 appeal-related costs, 12 O.S. 942 [9] allows an award of the fees assessed by the clerk of the appellate court. Based on our holding in *New* it was error for the trial court to not award the Coury Defendants' costs in the amount of $2,001.78 and it was further error not to award the $100.00 in appeal related costs.

¶ 20 A review of the record shows the $17,325.12 litigation expenses at the trial court level was composed of photocopies, postage, internet research/Westlaw, mileage, parking, one deposition fee (Rick Carlisle) in the amount of $911.00, one court filing fee of $59.30, several expenses listed as "Court Records" and a witness fee—Vicki Robertson for $1,500.00. ROA pg. 576–578, Defendant's Third Supplemental Application for Attorneys' Fees and Reimbursement of Expenses, Appraisal and Engineering Fees, filed April 23, 2014. The $3,843.97 of "Appellate Court" expenses was composed of photocopies, postage, Westlaw research, lists two filing fees of $200.00 each listed for the same date 10/05/11, mileage, toll road, parking, copy service, and another filing fee of $100.00 dated 9/19/12. ROA pg. 480–481, Defendant's Second Supplemental Application for Attorneys' Fees and Reimbursement of Expenses, Appraisal and Engineering Fees, filed March 7, 2014.

¶ 21 Every party is responsible for its own litigation costs unless provided by statute. *State ex rel. Dept. of Transp. v. Lamar Advertising of Oklahoma, Inc.,* 2014 OK 47, ¶ 27, 335 P.3d 771. In *New,* this court held the condemnor was subject to assessment of attorney, appraisal and engineering fees and costs in a condemnation proceeding. *New,* 1993 OK 42 at 10, 853 P.2d 765. However, this Court held litigation expenses were not recoverable as a separate item because they were part of the overhead of the provider. *Id.* The items that were disallowed included expenses for copying, mileage, long distance telephone calls, telefax expenses, and postage. *Id.* In *Wilson v. Glancy,* 1995 OK 141, ¶ 9, (supp. op.), 913 P.2d 286, this Court refused to award the appellant reimbursement for Westlaw charges.

¶ 22 The trial court's Order did not specifically mention the litigation expenses and thereby denied the request. We affirm the trial court's denial concerning most of the litigation expenses including the Westlaw and research charges. These research expenses are part of the law firm's overhead. Nor do we find the research expenses should be converted into attorney fees as the Coury Defendants have suggested. If research was conducted by the law firm then the time spent conducting the research should already have been accounted for as attorney billable time. However, some of the requested litigation expenses are appropriate such as the inclusion of Vicki Robertson's expert witness fees as already mentioned in this opinion. In addition, some of the listed items may be allowable as costs under 12 O.S. 942. On remand, the trial court shall review the re-

---

9.  12 O.S. 942 provides:
   A judge of any court of this state may award the following as costs:
   1. Any fees assessed by the court clerk or the clerk of the appellate court;
   2. Reasonable expenses for the giving of notice, including expenses for service of summons and other judicial process and expenses for publication;
   3. Statutory witness fees and reasonable expenses for service of subpoenas;
   4. Costs of copying papers necessarily used at trial, limited to the amount authorized by law. If no amount is specified, costs of copying papers shall be limited to ten cents ($0.10) per page;

5. Transcripts of the trial or another proceeding that the court determines are necessary to resolve the case;
6. Reasonable expenses for taking and transcribing deposition testimony, for furnishing copies to the witness and opposing counsel, and for recording deposition testimony on videotape, but not to exceed One Hundred Dollars ($100.00) per two-hour videotape, unless the court determines that a particular deposition was neither reasonable nor necessary; and
7. Any other expenses authorized by law to be collected as costs.

quested expenses to determine if any are allowable as costs under 12 O.S. 942.

## V. Burk Incentives in Condemnation Proceedings

¶ 23 At the June 11, 2014, evidentiary hearing, Renegar requested the trial court enhance any attorney fee award by various *Burk* incentives. The trial court denied the request determining such enhancements are not "actually incurred." In *State ex rel. Burk v. City of Oklahoma City*, 1979 OK 115, 598 P.2d 659, this Court held the proper assessment in determining an attorney fee award should be made by first determining the attorney's hourly compensation on an hours times rate basis (time compensation factor), then to that factor add an amount (incentive) determined from the following applicable factors:

1. Time and labor required.
2. The novelty and difficulty of the questions.
3. The skill requisite to perform the legal service properly.
4. The preclusion of other employment by the attorney due to acceptance of the case.
5. The customary fee.
6. Whether the fee is fixed or contingent.
7. Time limitations imposed by the client or the circumstances.
8. The amount involved and the results obtained.
9. The experience, reputation and ability of the attorneys.
10. The 'undesirability' of the case.
11. The nature and length of the professional relationship with the client.
12. Awards in similar cases.

*Burk*, 1979 OK 115 at ¶ 8, 598 P.2d 659. *See Oliver's Sports Center, Inc. v. National Standard Ins. Co.*, 1980 OK 120, ¶ 7, 615 P.2d 291.

In *Oliver's*, we determined *Burk* set the criteria for awarding a reasonable attorney fee "in the absence of a contract or a statute fixing the amount." *Oliver's*, 1980 OK 120 at ¶ 7, 615 P.2d 291. Neither *Burk* nor *Oliver's* concerned a condemnation proceeding. In *State ex rel. Dept. of Transportation v. Nor-*

*man Industrial Development Corp.*, 2001 OK 72, ¶ 10, 41 P.3d 960, a condemnation case, we recognized a non-precedential opinion of the Oklahoma Court of Civil Appeals which held a *Burk* incentive was appropriate in a condemnation proceeding if there was no contract setting the amount of the fee obligation. *See Corbell v. State ex rel. Dept. of Transportation*, 1993 OK CIV APP 45, 856 P.2d 575. However, in *Norman* there existed a contract fixing the fee amount and therefore we held a *Burk* incentive was not appropriate. *Norman*, 2001 OK 72 at 17, 41 P.3d 960. We also held we need not determine in that opinion whether we agreed with the decision in *Corbell*. *Id.* at 10, 41 P.3d 960.

¶ 24 In the present case the oral agreement, which the testimony reflects was the controlling agreement between the Coury Defendants and Renegar, does not fix the amount of an attorney fee obligation. It is open-ended. The contractual obligation is for the Coury Defendants to pay Renegar any attorney fees the trial court may award. Therefore, under the reasoning in *Corbell* and *Oliver's*, a *Burk* incentive would appear to be appropriate. However, even if an attorney-client agreement does not fix the amount of the attorney fee obligation, a *Burk* incentive in condemnation proceedings is not appropriate. A condemnation proceeding is not a civil action but is a special proceeding. *Gaylord v. State ex rel. Department of Highways*, 1975 OK 63, ¶ 16, 540 P.2d 558. The purpose of a condemnation proceeding is to provide compensation to the landowner while preserving the governmental treasury. *Norman*, 2001 OK 72 at 15, 41 P.3d 960. This includes the reimbursement of a reasonable attorney fee if the jury award exceeds the commissioners' award by at least ten percent. *See* 27 O.S. 11 and 66 O.S. 55. However, both 27 O.S. 11 and 66 O.S. 55 require the attorney fees to be "actually incurred" and we find it inconceivable that a client/condemnee could "actually incur" a *Burk* incentive. Further, we do not believe such enhancement would have been envisioned by the Legislature.

¶ 25 In condemnation proceedings there is a balancing of the need to compensate the landowner with the need to protect

the governmental treasury. We therefore hold that in condemnation proceedings, regardless if there is a contract which fails to fix the amount of the attorney fee obligation or if there is no contract at all, a *Burk* incentive to enhance attorney fees, which is the second prong of the *Burk* equation, is not appropriate. The trial court's order denying a *Burk* incentive is affirmed.

## CONCLUSION

¶ 26 The trial court is affirmed in part and reversed in part. This cause is remanded to the trial court for a determination consistent with this opinion as to the reasonable amount of attorney fees (trial court and appeal related), engineering and expert witness fees, and costs the Coury Defendants are entitled.

**CERTIORARI PREVIOUSLY GRANT-ED; COURT OF CIVIL APPEALS OPIN-ION VACATED; TRIAL COURT AF-FIRMED IN PART, REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION**

¶ 27 Concur: Combs, C.J, Gurich, V.C.J., and Kauger, Watt, Winchester, Edmondson, Colbert, and Reif, JJ.

¶ 28 Not Present & Not Participating: Wyrick, J.