JOHNSON v. STATE ex. rel. DEPT. OF PUBLIC SAFETY



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:JOHNSON v. STATE ex. rel. DEPT. OF PUBLIC SAFETY

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 JOHNSON v. STATE ex. rel. DEPT. OF PUBLIC SAFETY
2018 OK CIV APP 4
Case Number: 115924
Decided: 10/25/2017
Mandate Issued: 01/03/2018
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2018 OK CIV APP 4, __ P.3d __

 
GARY M. JOHNSON, Plaintiff/Appellee,
v.
STATE OF OKLAHOMA, ex. rel., OKLAHOMA DEPARTMENT OF PUBLIC SAFETY, Defendant/Appellant.
APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA
HONORABLE GEARY L. WALKE, JUDGE
AFFIRMED
Stephen G. Fabian, Jr., Oklahoma City, Oklahoma, for Plaintiff/Appellee,
Joanne Horne, OKLAHOMA DEPARTMENT OF PUBLIC SAFETY, Oklahoma City, Oklahoma, for Defendant/Appellant.
Bay Mitchell, Presiding Judge:
¶1 Defendant/Appellant State of Oklahoma, ex. rel., Oklahoma Department of Public Safety (DPS) appeals from an order awarding Plaintiff/Appellee Gary M. Johnson (Driver) $8,299.66 in attorney and expert witness fees. We find the trial court properly awarded fees pursuant to 12 O.S. 2011 §941(B) because DPS had no reasonable basis for revoking Driver's license; further, we find the amount awarded was not an abuse of discretion. We affirm.
¶2 Driver was arrested on November 16, 2014 for driving under the influence. On March 24, 2016, DPS issued an order revoking Driver's license. Pursuant to newly decided case law directly controlling Driver's case, DPS issued a new order setting aside the revocation on April 26, 2016. Despite the fact that Driver's license revocation had been set aside, DPS issued a notice to Driver on June 4, 2016, apparently due to a clerical error, titled "Confirmation Notice and Reinstatement Requirements" (the Notice). The Notice informed Driver that his license had been revoked for a period of 180 days beginning May 23, 2016 and that it was unlawful for him to drive during that period. The Notice also included a list of conditions to be completed and fees to be paid by Driver in order to reinstate his license after the 180-day period expired. Driver notified his attorney, who purchased a Motor Vehicle Report (MVR). The MVR indicated that Driver was indeed under revocation.
¶3 Driver filed an appeal in district court. When DPS learned of the proceeding, it sent Driver's attorney a letter stating, "This will acknowledge receipt of your appeal in the above captioned case. Our records have been updated to reflect the proper Implied Consent Order that sets side [sic] the revocation stemming from your client's 11/16/2014 stop." The letter was unsigned, and no set aside order was attached to the letter or sent separately to Driver or his attorney. Driver's attorney purchased another MVR, which confirmed that the revocation had been removed from Driver's record. The court held a hearing on Driver's appeal on July 11, 2016. After the hearing, the court sustained Driver's petition and, in an order dated July 20, 2016, the court set aside "the revocation of [Driver's] license dated June 4, 2016[.]" This order was not appealed by DPS.
¶4 Driver then filed an application for attorney fees and costs. Driver cited 12 O.S. 2011 §941(B) as authority for the award, which provides, in pertinent part, as follows:
The respondent in any proceeding brought before any state administrative tribunal by any state agency, board, commission, department, authority or bureau authorized to make rules or formulate orders shall be entitled to recover against such state entity court costs, witness fees and reasonable attorney fees if the tribunal or a court of proper jurisdiction determines that the proceeding was brought without reasonable basis or is frivolous[.]
After a hearing, the court found that DPS revoked Driver's license without a reasonable basis and, accordingly, Driver was entitled to an award of attorney fees and costs under §941(B). The court awarded $6,799.66 in attorney fees and $1,500.00 in expert witness fees, for a total of $8,299.66. DPS appeals.
¶5 Statutory construction presents a question of law that we review de novo. Humphries v. Lewis, 2003 OK 12, ¶3, 67 P.3d 333, 335. Likewise, the question of whether a party is entitled to attorney fees is a legal question reviewed de novo. State ex. rel. Dep't of Transp. v. Cedars Grp., L.L.C., 2017 OK 12, ¶10, 393 P.3d 1095, 1100. Under that standard, we claim plenary, independent and non-deferential authority to reexamine the trial court's legal rulings. Kluver v. Weatherford Hosp. Auth., 1993 OK 85, ¶14, 859 P.2d 1081, 1084. However, we review the question of whether an attorney fee award is reasonable only to determine if the court abused its discretion. Finnell v. Seismic, 2003 OK 35, ¶8, 67 P.3d 339, 342.
¶6 DPS argues the court erred as a matter of law by expanding the "without reasonable basis" language in §941(B) to include clerical errors. We find Miller v. State ex. rel. Dep't of Pub. Safety, 1996 OK CIV APP 71, 926 P.2d 797, instructive. There, another division of this Court found that the trial court had evidence from which it could conclude that revocation proceedings were brought without a reasonable basis where DPS admitted it lacked authority to revoke an out-of-state motorist's license or have him disqualified in his home state. Id., ¶8, 926 P.2d at 800. Here, DPS revoked Driver's license, even after case law directly controlling Driver's case directed the revocation to be set aside.[1] DPS did not dispute that its actions were unjustified. The determination of whether a particular action is "reasonable" is within the trial court's discretion. Here, the trial court found that DPS' clerical error was not a reasonable basis to revoke Driver's license; that finding will not be disturbed on appeal.
¶7 DPS also argues the case was mooted when it corrected Driver's record and there should have been no hearing on Driver's appeal. We disagree. "[V]oluntary cessation of challenged conduct does not deprive a tribunal of its power to conduct appellate review." State ex. rel. Oklahoma Firefighters Pension and Retirement System v. City of Spencer, 2009 OK 73, ¶5, 237 P.3d 125, 129. "A claim may be mooted where subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Id, ¶5 n.16, 237 P.3d at 129 n.16 (citations omitted).
¶8 Here, DPS revoked Driver's license, despite its knowledge of controlling case law. The letter received by Driver's attorney from DPS claiming to have corrected the record was unsigned and included no official set-aside order. At the attorney fees hearing, Driver's attorney noted the difficulty he had experienced communicating with DPS and argued that he proceeded with the appeal so he could get an order from the court and "feel a little more secure from the standpoint of my client's welfare in the future." The court noted that, after DPS caught and corrected the mistake, nothing happened, "[e]xcept that you showed up and the two of you argued for two hours about what happened in the past and why you should or shouldn't be here instead of saying, 'Judge, we fess up. There should be an order so that this man isn't stopped wrongfully[.]'" Under these circumstances, Driver's appeal was not mooted by DPS' correction, and it was not error for the court to hear Driver's appeal.
¶9 Further, although Driver's attorney could have, as DPS suggests, called DPS directly in an attempt to resolve the matter, as noted above, the record shows that Driver's attorney had a difficult time resolving issues and communicating with DPS. It was not unreasonable for Driver's attorney to file a petition to correct DPS' actions. We also reject DPS' claim that the court should not have awarded fees because Driver was unharmed by the error. Section 941(B) does not require harm for an award under its provisions. Even if it did, the trial court could reasonably conclude that the uncertainty and stress created by the Notice was harmful in itself.
¶10 Finally, we reject DPS' claim that there was insufficient evidence to support the amount of the trial court's award. DPS agreed that the hourly rates submitted by Driver's attorney were reasonable. The record shows that the court awarded less than requested, excluding any time expended by Driver's attorney before receipt of the Notice, as well as time spent by Driver's attorney responding to DPS' application for attorney fees. DPS presents no argument or evidence to support its claim that the hours expended were unreasonable. Accordingly, we find the attorney fee award was not an abuse of discretion.
¶11 AFFIRMED.
BUETTNER, C.J., and SWINTON, J., concur.
FOOTNOTES
[1] We reject DPS' claim that the Notice sent to Driver was not an actual revocation: the MVR purchased by Driver's attorney showed that Driver's license had in fact been revoked.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1996 OK CIV APP 71, 926 P.2d 797, 67 OBJ 3315, Miller v. State ex rel. Dept. of Public Safety,
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1993 OK 85, 859 P.2d 1081, 64 OBJ 2009, Kluver v. Weatherford Hosp. Authority
Discussed
 2003 OK 12, 67 P.3d 333, HUMPHRIES v. LEWIS
Discussed
 2003 OK 35, 67 P.3d 339, FINNELL v. JEBCO SEISMIC
Discussed
 2009 OK 73, 237 P.3d 125, STATE ex rel. OKLA. FIREFIGHTERS PENSION AND RETIREMENT SYSTEM v. CITY OF SPENCER
Discussed
 2017 OK 12, 393 P.3d 1095, STATE ex rel. DEPT. OF TRANSPORTATION v. CEDARS GROUP, L.L.C.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 941, Actions by State Agencies - Attorney Fees
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA