T.C. Memo. 1997-239


UNITED STATES TAX COURT


REPUBLIC PLAZA PROPERTIES PARTNERSHIP, PFI REPUBLIC
LIMITED, INC., TAX MATTERS PARTNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23300-94.                    Filed May 22, 1997.


Clark Reed Nichols, for petitioner.

Brenda M. Fitzgerald, for respondent.


MEMORANDUM OPINION

CHIECHI, Judge:  This matter is before the Court on a motion

filed pursuant to Rule 231[1] by PFI Republic Limited, Inc. (PFI),

the tax matters partner for Republic Plaza Properties Partnership

_____

[1]  All Rule references are to the Tax Court Rules of Practice and
Procedure.  All section references are to the Internal Revenue
Code (Code) in effect at relevant times.

(Partnership), for an award under section 7430 of reasonable litigation costs (PFI's motion). Neither party has requested a hearing, and we conclude that one is not necessary. Rule 232(a)(3). Based on the submissions of PFI and respondent, we conclude that no litigation costs may be awarded under section 7430.

## Background

Respondent determined in the notice of final partnership administrative adjustment (FPAA) adjustments to the Form 1065 (Federal partnership return) that Partnership filed for 1988 that related to certain depreciation claimed and to the lease (lease agreement) of an office building between Partnership as lessor and BCE Development Properties, Inc. (BCE) as lessee. The petition in this case that was filed on December 16, 1994, contested those adjustments, the parties settled the depreciation adjustments, and the Court issued an Opinion on the adjustments relating to the lease agreement in Republic Plaza Properties Partnership v. Commissioner, 107 T.C. 94 (1996) (Opinion). We incorporate herein by reference the portions of our Opinion that are relevant to our disposition of PFI's motion.

On June 14, 1988, PFI purchased from BCE an undivided 35-percent interest in Partnership. On February 28, 1992, PFI transferred that interest to Brookfield Development. However, PFI retained all financial interest and/or tax liability with respect to Partnership's 1988 and 1989 Federal partnership

returns. Brookfield Development filed a final Federal partnership return for Partnership that indicated that Partnership terminated on February 28, 1992. At the time of its termination, Partnership had a net worth of less than $7 million and no employees.

At the time PFI filed the petition in this case, it had a net worth of less than $7 million and fewer than 500 employees.

At all relevant times including the date on which the petition in this case was filed, petitioner was wholly owned by Pacific Harbor Capital Inc. (Pacific Harbor) which, in turn, was wholly owned by PacificCorp Financial Services (PacificCorp Financial), and PacificCorp Financial was wholly owned by InnerPacific (now known and herein referred to as Pacific Holding) which, in turn, was wholly owned by PacificCorp. At those times, Pacific Harbor, PacificCorp Financial, Pacific Holding, and PacificCorp each had a net worth in excess of $7 million.

Bills for the legal services and expenses at issue in litigating this case were addressed to Pacific Harbor. Bills for the services and expenses at issue of the experts who testified on behalf of PFI at the trial of this case were addressed to PacificCorp Financial. Pacific Harbor paid all of the amounts billed for legal and expert services and expenses in connection with this case. (These amounts shall collectively be referred to as the litigation costs at issue.)

## Discussion

Section 7430(a) authorizes an award to the prevailing party of reasonable litigation costs incurred in connection with a court proceeding brought against the United States involving the determination of any tax, interest, or penalty under the Code.  In order to qualify for such an award, that party must (1) show that the costs claimed are reasonable litigation costs incurred in connection with the court proceeding, section 7430(a)(2); (2) have exhausted the available administrative remedies, section 7430(b)(1); (3) not have unreasonably protracted the court proceeding, section 7430(b)(4); and (4) qualify as a prevailing party, section 7430(c)(4).  PFI has the burden of establishing that all of the foregoing criteria have been satisfied.[2]  See Rule 232(e); Minahan v. Commissioner, 88 T.C. 492, 496-497 (1987).

To qualify as a prevailing party under section 7430(c)(4), PFI must show, inter alia, that at the time the petition in this case was filed the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B) (1994) (net worth requirements) were met.  Sec. 7430(c)(4)(A)(iii).

---

[2]  The amendments to sec. 7430 by the Taxpayer Bill of Rights 2, Pub. L. 104-168, secs. 701-704, 110 Stat. 1452, 1463-1464 (1996) are effective with respect to proceedings commenced after July 30, 1996, and therefore are not applicable to PFI's motion.

In respondent's notice of objection to PFI's motion (respondent's notice of objection), respondent concedes that the requirements of section 7430(b)(1) (exhaustion of available administrative remedies), 7430(b)(4) (not unreasonably protracting the court proceeding), and 7430(c)(4)(A)(ii) (substantially prevailing with respect to the amount in controversy or the most significant issue or set of issues presented) have been satisfied. Respondent disputes that PFI has established that the remaining requirements of section 7430 have been met. With respect to their disputes, PFI and respondent disagree about the identity of the prevailing party to which the various requirements, including the net worth requirements, apply. PFI contends that either Partnership or PFI is the prevailing party to which section 7430 applies and that either of those two entities satisfies the net worth requirements. Respondent contends that the real party in interest and thus the prevailing party for purposes of section 7430 is either Pacific Harbor or PacificCorp and that neither of those corporations satisfies the net worth requirements.

We need not decide the identity of the prevailing party or any other dispute between PFI and respondent except whether Partnership or PFI incurred the litigation costs at issue as section 7430(a)(2) requires of a prevailing party.[3]  If PFI were

---

[3]  Although we need not address the other disputes between PFI and respondent, we note that, in arguing in respondent's notice
                                        (continued...)

correct in contending that either Partnership or PFI is the prevailing party for purposes of section 7430, respondent would concede that each of those organizations meets the net worth requirements.[4]  However, respondent argues that even if those requirements were satisfied, neither Partnership nor PFI would be entitled under that section to the litigation costs at issue because, inter alia, PFI has failed to establish that either Partnership or PFI incurred any costs in connection with this Court proceeding as required by section 7430(a)(2).

Section 7430(a)(2) provides that the prevailing party may be awarded "reasonable litigation costs <u>incurred</u> in connection with" (emphasis added) a court proceeding involving the determination of any tax, interest, or penalty under the Code.  The term "reasonable litigation costs" is defined to include, inter alia, (1) the reasonable expenses of expert witnesses, section 7430(c)(1)(B)(i), and (2) reasonable fees paid or incurred for the services of attorneys, section 7430(c)(1)(B)(iii), in connection with such a court proceeding.

---

[3](...continued)
of objection that her "overall position" in this case was substantially justified for purposes of sec. 7430(c)(4)(A)(i), respondent misstates and/or mischaracterizes certain of the Court's findings in its Opinion.

[4]  If respondent were correct in contending that either Pacific Holding or PacificCorp is the prevailing party for purposes of sec. 7430, PFI would concede that neither would satisfy the net worth requirements and that therefore no litigation costs at issue should be awarded under that section.

PFI concedes that Pacific Harbor, and not Partnership or PFI, paid all of the litigation costs at issue. However, it asserts that those litigation costs were "incurred <u>for</u> PFI in its capacity as tax [matters] partner in bringing its Petition" (emphasis added) in this case and that therefore either PFI or Partnership satisfies section 7430(a)(2). We disagree.

In addressing the meaning of the word "incurred" in the context of section 7430, the Court has observed that the common meaning of the word incur is "to become liable or subject to: bring down upon oneself." <u>Frisch v. Commissioner</u>, 87 T.C. 838, 846 (1986). Fees and expenses are incurred when there is a legal obligation to pay them. See <u>Marre v. United States</u>, 38 F.3d 823, 828-829 (5th Cir. 1994); see also <u>United States v. 122.00 Acres of Land</u>, 856 F.2d 56 (8th Cir. 1988) (applying sec. 304(a)(2) of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. sec. 4654(a), Pub. L. 91-646, 84 Stat. 1984, 1906 (1994); attorney's fees were not actually "incurred" because the party claiming them had no legal obligation to pay them); <u>SEC v. Comserv Corp.</u>, 908 F.2d 1407, 1414-1415 (8th Cir. 1990) (construing to a similar effect the Equal Access to Justice Act, codified at 5 U.S.C. sec. 504 and 28 U.S.C. sec. 2412 (1994)).

On the record before us, we find that PFI has failed to establish that either Partnership or PFI was legally obligated to

pay any of the litigation costs at issue.  See <u>Swanson v. Commis-</u>
<u>sioner</u>, 106 T.C. 76, 101-102 (1996).[5]  We further find that no
litigation costs may be awarded under section 7430.

To reflect the foregoing,

<u>An appropriate order denying</u>

<u>PFI's motion will be issued</u>.

---

[5]  Indeed, Partnership was not even in existence on the date the
petition in this case was filed.