# United States Tax Court

T.C. Memo. 2025-62

LISA CRISTOPH TOWARNICKY,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 9043-19.                                Filed June 9, 2025.

————

*James Michael Towarnicky*, for petitioner.

*William J. Gregg* and *Bartholomew Cirenza*, for respondent.

MEMORANDUM OPINION

LAUBER, *Judge*: This case concerns petitioner's Federal income tax liability for 2016. On November 1, 2021, the Court entered a decision consistent with a Settlement Stipulation filed by the parties. The decision determined that petitioner had an overpayment of $89,683 for 2016. On June 8, 2023, petitioner filed a Motion to Enforce a Refund of Overpayment Pursuant to Rule 260 (Motion).[1] The Motion asks the Court to enforce its overpayment determination for 2016 by ordering the Internal Revenue Service (IRS or respondent) to refund to petitioner $89,683 plus interest.

After multiple delays for various reasons, including the COVID–19 pandemic, the IRS in 2023 applied the entire overpayment of $89,683 against the 2019 tax liability of petitioner and her spouse,

————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[*2] who is representing her in this case. That application generated a large overpayment for 2019, and the IRS issued her a refund check that included a modest amount of interest. In June 2024 the IRS paid her additional interest to account for the fact that the 2016 overpayment had not been applied and refunded as she had requested. These actions by the IRS have resulted in a full refund of the overpayment and allowable interest for 2016, the only year over which we have jurisdiction. Because petitioner has received 100% of the relief she requested, we will deny her Motion.

*Background*

The following facts are derived from the parties' pleadings and Motion papers, including the attached Exhibits. Petitioner resided in Virginia when she petitioned this Court.

Petitioner did not file a Federal income tax return for 2016 by October 15, 2017, the extended due date. As authorized by section 6020(b), the IRS prepared a substitute for return (SFR) on the basis of third-party reporting. On March 4, 2019, the IRS issued her a Notice of Deficiency based on the SFR.

The Notice of Deficiency determined that petitioner for 2016 had adjusted gross income of $139,265. Allowing her the standard deduction of $6,300 and a personal exemption of $4,050, the IRS determined taxable income of $128,915 and a tax liability of $30,247. Against that sum the IRS applied a credit of $23,234 for tax withheld by her employer, yielding a net tax liability of $7,013. The Notice also determined additions to tax for failure to timely file and pay. *See* § 6651(a)(1) and (2).

On May 14, 2019, shortly after receiving the Notice of Deficiency, petitioner and her husband filed a delinquent joint return for 2016. This return reported (among other things) itemized deductions of $42,967, a tax liability of $62,840, and an overpayment of $89,683. The return requested that $58,683 of the overpayment be refunded to them and that $31,000 be applied to their estimated tax for 2017.

On June 3, 2019, petitioner timely petitioned this Court. She alleged that there was no deficiency for 2016, that there were no additions to tax due for 2016, and that there was an overpayment of $89,683 for that year. She alleged that she and her spouse were entitled to a refund "in the amount of $58,683, plus interest thereon," after the crediting of $31,000 to their 2017 estimated tax.

**[\*3]**    Following delays related to the COVID–19 pandemic, the IRS in 2021 accepted the delinquent 2016 joint return as filed.  On October 29, 2021, the parties filed a Settlement Stipulation in which they agreed that petitioner had an overpayment of $89,683 for 2016, that "the overpayment shall be refunded to petitioner and spouse, or applied as set forth in [their delinquent 2016 return]," and that "interest will be credited or paid as provided by law."  On November 1, 2021, we entered a decision consistent with the Settlement Stipulation.

On June 8, 2023, petitioner filed the Motion currently before us.  In the Motion she alleged that she had not yet received the $89,683 overpayment plus the full amount of interest to which she was properly entitled.  On July 10, 2023, respondent filed a Response to the Motion, and he supplemented his Response on December 23, 2024.

As the parties' filings show, the IRS ultimately credited the entire overpayment for 2016 to the 2019 tax year of petitioner and her husband.  For 2019 they had filed a joint return reporting a tax liability of $88,065.  The IRS applied against that liability the $89,683 overpayment from 2016 and a $72,692 credit from tax year 2018.  This generated an overpayment of $74,310 for 2019.  On May 26, 2023, the IRS issued petitioner a refund check for $77,249, representing the $74,310 overpayment for 2019 plus interest of $2,939.

Respondent subsequently acknowledged that petitioner was owed additional overpayment interest beyond the $2,939 paid on May 26, 2023.  The Independent Office of Appeals (Appeals) prepared a computation calculating that the total amount of interest due to petitioner was $11,610.  This represented the sum of (1) the overpayment interest properly payable for 2019 and (2) the interest to which petitioner and her spouse would have been entitled if the 2016 overpayment had been applied and refunded as requested in their delinquent 2016 return.

On June 24, 2024, after further delays due to a "systemic hold," the IRS issued petitioner and her spouse a check for additional overpayment interest of $11,825.  That payment, when added to the $2,939 interest payment made in May 2023, yielded an aggregate interest payment $14,764.  That sum exceeds by $3,154 the total amount of interest that Appeals determined to be due, i.e., $11,610.

*Discussion*

Rule 260 sets forth procedures whereby a taxpayer may seek "to enforce an overpayment determined by the Court under Code section

[*4] 6512(b)(1)." *See* Rule 260(a)(1). Rule 261 sets forth parallel procedures by which a taxpayer may move the Court "to redetermine interest on an overpayment." *See* Rule 261(a)(1). Both Rules provide that such motions "will ordinarily be disposed of without an evidentiary or other hearing unless it is clear from the motion and the Commissioner's written response that there is a bona fide factual dispute." Rules 260(d), 261(d). We discern no bona fide factual dispute here.

Section 6512(b)(1) grants us jurisdiction to determine the amount of an overpayment for a tax year that is properly before us on a petition to redetermine a deficiency. The maximum amount of overpayment we can order refunded depends on when the tax was paid. *See* § 6512(b)(3). In the decision entered on November 1, 2021, we determined an overpayment of $89,683 for 2016 and determined that the entire amount was refundable under section 6512(b)(2). That decision is now final, and neither party disputes its correctness.

In their latest status reports, filed April 18, 2025, the parties have indicated that all issues involving the 2016 overpayment have been resolved. The overpayment itself was refunded on May 26, 2023. The allowable interest (and then some) was refunded in two tranches: a payment of $2,939 on May 26, 2023, and a payment of $11,825 on June 24, 2024. The sum of those payments ($14,764) exceeds by $3,154 the total amount of interest that Appeals determined to be due ($11,610). Petitioner accepts interest of $14,764 as satisfactory, and respondent does not seek to recoup the $3,154 excess.

It appears that petitioner has an ongoing dispute with the IRS about her 2020 tax year. She allegedly received a Notice CP90, Intent to Seize Your Assets and Your Right to a Hearing, issued by the IRS for tax year 2020. She contends that this Notice was unauthorized, and she is apparently attempting to negotiate a closing agreement that would address her tax liability for 2020.

We have no jurisdiction in this case to address collection questions concerning petitioner's 2020 tax year. "It is well settled that the Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress." *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). The only question presented by the instant Motion is whether the IRS has fully refunded the $89,683 overpayment for 2016 and the interest properly due on that overpayment. As explained above, the answer to that question is "yes." The collection

**[\*5]** questions petitioner mentions might come before us in a future collection due process case, but we lack jurisdiction to consider them now.

Petitioner requests litigation and administrative costs relating to the instant Motion in an "amount to be determined, but not less than $4,000." Petitioner contends that she "waited longer than she should have [to receive her refund] and should be compensated for having to incur unnecessary attorney fees." Respondent opposes this request because it does not comply with the requirements set forth in section 7430.

We agree with respondent. Section 7430 authorizes the award of reasonable costs to parties who (1) are the prevailing party, (2) timely exhausted their administrative remedies, (3) did not unreasonably protract proceedings, and (4) claimed "reasonable" costs. § 7430(a)–(c); *see Republic Plaza Props. P'ship v. Commissioner*, T.C. Memo. 1997-239, 73 T.C.M. (CCH) 2836, 2837. Rules 231 and 232 set forth the procedures governing motions for litigation costs.

Petitioner has not followed the procedures set forth in Rule 231, and she has not shown that she can satisfy the requirements of section 7430. The statute defines reasonable litigation costs to include "reasonable fees *paid or incurred* for the services of attorneys in connection with the court proceeding." § 7430(c)(1)(B)(iii) (emphasis added). Petitioner is being represented in this case by her husband. She has supplied no evidence that she paid or incurred any attorney's fees in connection with the instant Motion. *See Republic Plaza Props. P'ship*, 73 T.C.M. (CCH) at 2838 (holding that a taxpayer is not entitled to litigation costs where the taxpayer is not obligated to pay such costs); *Thompson v. Commissioner*, T.C. Memo. 1996-468, 72 T.C.M. (CCH) 1036, 1039–40 (holding that a wife cannot be awarded litigation costs that were paid by her husband).

To reflect the foregoing,

*An appropriate order will be entered.*